ELI C. KEERANS and others, Ex'rs, &c., of JANE BROWN, and others, *v.* DEMPSEY BROWN and others.

One of the subscribing witnesses to a will being asked on his cross-examination, if he had not, a short time before the execution of the will, expressed to the other subscribing witness doubts of the capacity of the testatrix to make a will, and on that account hesitated to sign the will as a witness, and having denied using any such expressions : *Held,* that evidence contradicting the witness in regard to such conversation, was admissible, not on the ground of its tending to prove capacity or incapacity in the testatrix, but for the purpose of discrediting the witness, by showing that he had made different statements to his evidence on the trial, upon a matter pertinent to the issue.

(*Radford* v. *Rice,* 2 Dev. & Bat. 39, cited and approved.)

DEVISAVIT VEL NON, tried before *Tourgee, J.,* at the Spring

Term, 1872, of the Superior Court of the county of RAN-
DOLPH.

On the trial below, the caveators offered evidence, which
being objected to by the propounders of the will, was ruled
out by the Court. To this ruling of his Honor the caveators
excepted; and the jury finding the issues in favor of the
will, it was adjudged by the Court to be established; from
which judgment the caveators appealed.

Other facts in the case presenting the point decided, are
fully stated in the opinion of the Court.

*Ball & Keogh,* and *Gorrell,* for appellants.
*Dillard, Gilmer & Smith,* and *Scott,* contra.

READE, J. The complaint states that " the plaintiffs are
ready to prove that the last will and testament of Jane
Brown, deceased, was duly signed, sealed, published and
declared by the said Jane Brown, on 13th September, 1866;
and that a codicil to the same, ratifying and confirming the
said last will and testament, and appointing an additional
executor, was duly signed, sealed, published and declared
by the said Jane Brown, on 4th January, 1871; and plain-
tiffs demand of caveators the ground of their opposi-
tion," &c.

The defendants answer, among other things, that the
alleged testatrix was incapable of making a will.

And the main issue was,

" 2. Was she mentally capable to do the act ?"

The plaintiffs introduced the subscribing witnesses to the
will of 13th September, 1866, and they testified that she was
capable.

1. For the purpose of impeaching one of the subscribing
witnesses, Rush, he was asked on the cross-examination if
he had not, a week before he witnessed the will, expressed
his doubt of the capacity of the testatrix to the other sub-

scribing witness, Frazier, and hesitated to witness it on that account? He answered in the negative. Frazier was then called and asked, whether Rush had not told him so? The question was objected to by the plaintiff and ruled out by the Court.

The question is, as to the competency of the question. It presents the common case of conflicting statements of the same witness about the same matter, pertinent to the issue. The question was clearly proper. *Redford* v. *Rice*, 2 Dev. & Bat. 39.

The argument at this bar was, that the issue was as to capacity at the time of signing the will, 13th September, 1866, and not as to her capacity a week before. True, but to prove that she was incapable a week before might at least *tend* to prove that she was incapable at the time of signing. But the object of the question was misconceived. It was not to prove the want of capacity a week before, but, to discredit the witness, by showing that he had made statements as to her capacity a week before, which he denied on trial. And that was pertinent to the issue; as incapacity a week before *tended* to prove incapacity at the time of signing the will. And his denial on the trial of what he said about capacity shortly before the trial, tended to the discredit of the witness.

2. It was further insisted here that the evidence was immaterial, inasmuch as it was not necessary to prove the formal execution of the will of 13th September, 1866, or the capacity of the testatrix; because the codicil of 4th January, 1871, ratified and confirmed the will of 13th September, 1866. That may be true. It may be that if the plaintiffs had proved the codicil as required by law, they need not have offered the subscribing witness to the first will, or proved the capacity of the testatrix at the time of its execution, or offered any other evidence as to the original will, except to identify it as the paper referred to in the codicil.

But then it does not appear that they proved the codicil at all, or that they offered any other evidence than the sub-scribing witnesses to the will of 13th September, 1866. But suppose they did offer evidence of the execution of the codi-cil, it may be that the testimony as to her capacity at the execution of the will of 13th September, 1866, had its influ-ence with the jury in passing upon the codicil.

We think there was error in rejecting the evidence.

PER CURIAM.                                   Venire de novo.