HAY *et al. v.* COLLINS (two cases).

1. Where the losing party makes a motion for a new trial and also a motion in arrest of judgment, both of which are overruled, he may bring to this court the questions thus raised by separate bills of exceptions, although both rulings might have been excepted to in one bill. It is the better practice, however, to embody in one bill of exceptions all questions which may be legally raised therein.

2. Where a petition contains three counts, one of which is voluntarily struck by the plaintiff, and a demurrer is filed to the petition as a whole, if either of the remaining counts sets forth a good cause of action the demurrer will be overruled.

3. The plaintiff's evidence was ample to withstand a motion to nonsuit.

4. In an action for damages against several defendants jointly for an alleged trespass upon property of the plaintiff, the jury may return a verdict in favor of the plaintiff for separate amounts against the different defendants ; but in a suit for damages for malicious abuse of legal process, the verdict returned for the plaintiff should be for the same sum against all the defendants jointly. Where, therefore, a petition for damages contains two counts, one sounding in trespass and the other for malicious abuse of legal process, it is error for the court to charge the jury that they may find a verdict for the plaintiff for different amounts against the different defendants, without charging also that such a verdict could only be found in the event they find for the plaintiff solely on the count in trespass.

5. The judgment and the record on which it was based were sufficient to withstand a motion in arrest of judgment.

Argued May 2, —Decided June 4, 1903.

Action for damages. Before Judge Nottingham. City court of Macon. December 27, 1902.

*Daly, Moore & Cochran* and *Guerry & Hall*, for plaintiffs in error.
*Hardeman, Davis, Turner & Jones*, contra.

CANDLER, J. Celia Collins brought suit against Hay, Ford, and Odom, her petition as originally filed containing three counts,

sounding respectively in trover, trespass, and malicious abuse of legal process. Subsequently to the filing of her petition she voluntarily struck the count in trover, and the suit proceeded as an action for damages on the other two counts. The petition sets out substantially the following facts: The plaintiff is the owner of certain described bedroom furniture. On a named day Hay, through his agent, Ford, made an affidavit before a justice of the peace in Bibb county that Levi Collins, the plaintiff's husband, was indebted to the Central City Loan Company in a sum stated, and on that affidavit caused to be issued an execution against Levi Collins. This execution was placed in the hands of the defendant Odom, who was a constable of Bibb county, and at Hay's instigation was levied on the plaintiff's property, which was pointed out to the constable by Ford as Hay's agent. The entry into the plaintiff's house, and the seizure of her property, were done in the early hours of the morning and in the presence of her neighbors, and the plaintiff was put to great mortification and shame by reason of the impression which was created that she was illegally in possession of the property. By reason of her poverty the plaintiff was unable to replevy the property or to refurnish her house, and she was therefore compelled to endure great hardships. For the trespass set out she prayed for damages in the sum of $1,000. The count in malicious abuse of legal process alleged that the Central City Loan Company was neither a corporation nor a person, but was merely a mask behind which Hay concealed himself while pretending to purchase second-hand furniture, Hay in fact being engaged in the business of lending small sums of money to poor and ignorant negroes, charging them therefor, under the name of monthly rents, a most exorbitant and extortionate rate of usury. Ford is the agent of Hay, and holds himself out as the agent of the Central City Loan Company. At the time the proceedings heretofore mentioned were begun, the defendants knew that Levi Collins was not indebted to the Central City Loan Company; that if he was ever indebted to it in any sum, there were incorporated therein large amounts of usury; "and that the said Levi had paid all of the said claims that ever had any existence, with legal interest thereon, many times over." The Central City Loan Company held no mortgage against Levi Collins, and the proceedings instituted were part of a scheme on the part of the defendants "to oppress and to coerce petitioner into paying said un-

just exaction, and, on her failure so to do, to convert to their own use petitioner's furniture as aforesaid; defendants well knowing that owing to petitioner's poverty she would be unable to replevy said property." The procuring the issuance of the process, the entrance into her house, and the seizure, carrying away, and retention of her property, were all malicious and without probable cause on the part of the defendants, "and was a malicious abuse of legal process to coerce petitioner into paying an unjust exaction, whereby the defendants have injured, damaged, and become liable to petitioner in the just and full sum of five thousand dollars."

The defendants demurred generally, and on the ground of misjoinder of causes of action. The defendants Hay and Ford also joined in a demurrer on the grounds, (1) that the petition set out no cause of action as against them, and (2) that the petition shows on its face an entire absence of liability on their part to the plaintiff. Both demurrers were overruled. They also filed an answer in which they denied liability to the plaintiff on any of the counts of the petition. They admitted that the property involved had been levied on, but denied that it was at the time in the possession of the plaintiff, and claimed that the levy was in pursuance of the foreclosure of a valid mortgage given to the Central City Loan Company by Levi Collins, and that he was in possession of the property and had title thereto at the time. They averred "that they have done nothing wrong; that they have merely sought their legal rights in the courts of this State to collect an indebtedness due them under a mortgage for borrowed money; and that they foreclosed the same as the law required, strictly adhering to all the conditions and requirements demanded by the law in mortgage foreclosures in this State." The case was tried before a jury, who returned the following verdict: "We, the jury, find for the plaintiff the sum of one thousand dollars, as follows, viz.: P. L. Hay, $500.00, W. G. Ford, $300.00, W. W. Odom, $200.00." The defendants made a motion for a new trial on various grounds, which was overruled. To the overruling of their demurrers, their motion for a new trial, and a motion for nonsuit made by them at the conclusion of the plaintiff's evidence, they excepted. During the same term of court at which the case was tried, and before the filing of their motion for a new trial, the defendants made a motion in arrest of judgment, on the grounds that the original petition set out

no cause of action; that the verdict upon which the judgment was based was absolutely void, and no legal judgment could be rendered thereon ; that any verdict rendered should have been either a general verdict for the plaintiff or a finding generally for the defendants; and that the pleadings did not authorize the rendition of the judgment against the defendants.   The motion in arrest was overruled, and the defendants filed a separate bill of exceptions assigning error thereon.     As the questions involved in the two bills of exceptions are closely connected, and do not require separate treatment, they will be considered together.

1. Upon the call of the cases in this court, counsel for the defendant in error moved to dismiss both writs of error, upon the grounds, (1) that the judgment excepted to was no such final judgment in the court below as would authorize a writ of error to this court; (2) that the judge of the city court of Macon had prior thereto granted a bill of exceptions in said cause, and had therefore exhausted all power he had to deal with said cause; (3) that the court below had no power to grant to the same party two separate writs of error in one and the same case.   After considering the questions raised by the motion to dismiss, we have reached the conclusion that there is no reason why a party may not, if he sees fit, bring to this court the overruling of a motion for a new trial in one bill of exceptions and the refusal of a motion in arrest of judgment in another.   They are separate and distinct remedies.   One asks for another trial of an issue or issues which have been determined against the movant, and is designed to give the trial judge an opportunity to review the evidence and pass upon the various questions raised on objections to evidence, exceptions to the charge, and the like ; the other attacks the judgment for some defect apparent upon the face of the record.   The motion in arrest is narrow and restricted in its province, and attacks conclusions reached by court or jury solely on the ground of illegality in form or substance, or because based upon insufficient pleadings or such as are upon their face bad.   The losing party to a ruling on a demurrer may bring that ruling before this court for review on a separate bill of exceptions, but that does not deprive the court of jurisdiction to proceed with the trial on the merits, when the same party may except to the overruling of a motion for a new trial, thus bringing up two bills of exceptions in the same case.   So, in the present case,

inasmuch as the arresting of the judgment by the court below would have been a final judgment, the moving party may, without reference to any other action taken by him to get rid of the effect of the verdict rendered against him, except to the judgment overruling the motion in arrest, and bring such ruling before this court for review.     While this is true, we take this occasion to say that in our opinion the better practice is to bring in one bill of exceptions all questions which can legally be raised therein.     In the case at bar, there was no legal reason why the motion in arrest and the motion for a new trial should not have been brought up in the same bill of exceptions, and, in the interest of economy of costs and of labor of court and counsel, such would have been far the better mode of procedure; but at the same time we are constrained to rule that, as the law now stands, counsel had the right to sever the questions made and bring them up in separate bills of exceptions.     The motion to dismiss is therefore overruled.

2.   The defendants, by two sets of demurrers, one filed by all three of the defendants and the other by Hay and Ford, attacked the petition on the ground that no cause of action was set out against them.     These demurrers were aimed at the petition as a whole; and therefore if any count in the declaration was good, the demurrers can not stand.     It will be recalled that the plaintiff struck the count sounding in trover, leaving two counts, sounding respectively in trespass and malicious abuse of legal process.     In disposing of the demurrers it is only necessary to say that the count in trespass set out a good cause of action, and that the court therefore did not err in overruling the demurrers.     Whatever of merit there may have been in the demurrer on the ground of misjoinder of causes of action, the difficulty was removed when the plaintiff voluntarily struck her count in trover.

3.   The evidence amply sustained the allegations made in the count in trespass, and the motion for a nonsuit was properly overruled.

4.   As has already appeared, the case was tried on a petition containing two counts, one for a trespass alleged to have been participated in by all three of the defendants; the other claiming damages against the three for malicious abuse of legal process.     Although it appeared from the petition that the process alleged to have been abused was directed against the husband of the plaintiff,

the question whether one not a party to the process or action can maintain a suit of this character was not made by special demurrer, but was raised for the first time in this court, and we are therefore not called upon to decide that question. On the trial evidence was introduced on both sides on the questions involved in both counts, and the charge of the court went to the exposition of the law applicable to suits both for trespass and for malicious abuse of legal process. Several of the exceptions to the charge complain that the court confused the law applicable to the one with that applicable to the other. For instance, in one ground of the motion it is complained that the court erred in charging the jury as follows: " If you find for the plaintiff, the form of your verdict would be, ' We, the jury, find for the plaintiff,' naming the amount in dollars and cents you find against each;" while in another ground the following charge is assigned as error:    " Where several trespassers are sued jointly, the plaintiff may recover against all damages for the greatest injury done by either; but the jury may in their verdict specify the particular damages to be recovered of each, and judgment in said cases may be entered severally."    We have no hesitation in ruling that these charges were erroneous. If the suit had been proceeding only upon the count for trespass, and for a trespass on the property of the plaintiff only, under the ruling of this court in the case of *McCalla* v. *Shaw*, 72 *Ga.* 458, neither of the charges complained of would have been objectionable; because it was there held that section 3075 of the Code (now Civil Code, §3915), providing for the apportionment of damages by the jury where several trespassers are sued jointly, was applicable only to trespasses on property, but in the same case it was distinctly held that the section in question does not apply to cases where two or more are jointly sued for malicious arrest or false imprisonment, where the act on which the suit was predicated was the joint act of all the defendants. A verdict for $300 against one of the defendants and $100 against the other was set aside as illegal and as one that should not have been received by the court. In the case of *Simpson* v. *Perry*, 9 *Ga.* 509, it was held that in such cases " the jury are to assess damages against all the defendants jointly, according to the amount which in their judgment the most culpable of the defendants ought to pay."    Citing 2 Gr. Ev. § 277.    That case was an action against two defendants for an assault and battery.

In the case of *Hunter* v. *Wakefield*, 97 *Ga.* 543, it was held that "If, in an action for a libel brought against several defendants, the plaintiff recovers at all, the damages awarded must be for the same amount as to all of the defendants found liable. In a case of this kind, different sums can not be assessed against different defendants." This case, which was decided by a full bench, cites approvingly the case of *McCalla* v. *Shaw*, supra. In the case now under consideration, it will be noted that both of the charges complained of were right if the jury found for the plaintiff on the count which claimed damages on account of the alleged trespass on the plaintiff's property, but were erroneous if applied to the count claiming damages for the malicious abuse of legal process. We can not presume that the jury did not consider the evidence offered in support of this latter count; in fact, we are inclined to think that its allegations have a greater tendency, if supported by evidence, to cause the jury to give damages to the plaintiff, than those contained in the count in trespass. The judge nowhere in his charge told the jury that such a verdict as was rendered could only be found under the count in trespass; and we therefore think that a new trial should have been granted on the grounds of the motion which complain of the charges which we have pointed out.

5. In view of the conclusion reached in the foregoing, it is hardly necessary for us to pass on the exception to the refusal of the court to sustain the motion in arrest of judgment. We think, however, that this judgment was not such a one as was subject to a motion in arrest. The verdict was a legal one under the second count of the declaration ; and it not appearing on what count the verdict was rendered, on motion in arrest the verdict would be held to be on the count upon which it was good ; and if the allegations of any part of the petition furnished a legal basis for the verdict, and the judgment followed the verdict, the motion in arrest should not have been sustained.

*Judgment, on motion for new trial, reversed ; on motion in arrest, affirmed. By five Justices.*