E. P. JACKSON AND WIFE v. W. S. WILLIAMS.

(Filed 23 March, 1910.)

### 1. Processioning—Divisional Line—Issues—Nonsuit.

When the parties to processioning preceedings allege adjoining ownership of lands and bring to issue the question of the location of the dividing line alone, and there is conflicting and competent evidence to sustain either contention, an issue of fact as to the true line is presented upon which a motion of nonsuit upon the evidence cannot be granted. Ordinarily, in such proceedings this issue is the only one to be presented.

### 2. Appeal and Error—"Broadside Exceptions."

A "broadside exception" to the charge cannot be sustained.

APPEAL from *Cooke, J.,* at September Term, 1909, of MARTIN, in a processioning proceeding.

The following issue was submitted to the jury without objection:

What is the true line between the lands of the plaintiffs and those of the defendant? Answer: That the dividing line between E. P. Jackson and wife, plaintiffs, and Seth Williams, defendant, is the dotted line as shown on map from big C to D and E.

Defendant moved for new trial. Motion overruled. Defendant excepted and appealed from the judgment rendered.

*Winston & Everett* for plaintiffs.
*A. R. Dunning* for defendant.

BROWN, J. The learned counsel for defendant assigns error in these words: "The exceptions are hereby grouped, as required by the court: 1. To the refusal of the court to nonsuit. 2. To the charge. 3. To the judgment."

We are not prepared to hold, as contended by defendant, that the practice of nonsuiting as now in vogue in civil actions, and in special proceedings generally, when an issue is raised and they are transferred for trial to the Superior Court, is applicable to a properly constituted processioning proceeding. This proceeding is a peculiar one, and intended to effect an easy and expeditious settlement of the location of disputed boundary lines between adjoining tracts of land, and nothing else. It is not an action of ejectment or of trespass. Only one issue of fact can arise, and that must relate to the location of a boundary line. No execution can be issued upon the judgment for damages or possession. The petitioner is not required to make

out a perfect claim of title or to perfect it by long and adverse possession. Simple occupation of the land constitutes sufficient ownership to sustain the proceeding. *Williams v. Hughes,* 124 N. C., 3; Rev., secs. 325, 326. Of course, the proceeding may be dismissed for irregularities and defects on its face, as any other legal proceeding may be. But it is not necessary now to discuss or to decide whether a technical motion to nonsuit can be properly entertained in this peculiar proceeding. It is sufficient that in this case we hold that his Honor did not err in submitting the location of the line to the jury.

The petitioners set forth what they contend to be the true division line. Both parties refer in their pleadings to the same description of the dividing line. On the one side of this line lies the James Whitfield land (which is owned by the plaintiff), calling for the Newton Coburn line; on the other side of this line is the Newton Coburn land (owned by the defendant), calling for the James Whitfield line. The controversy, then, is at once reduced to the one question, What is the true line between the Newton Coburn land and the James Whitfield land? Or, in other words, whether the line should be as shown by big C to D to E (dotted line), or A (solid line), etc., as set forth in the plat.

The issue was thus brought down to a question of fact, upon which both parties offered pertinent evidence, and as there are no assignments of error based upon exceptions to the evidence, it is needless, if indeed proper, that we discuss its force and effect.

The exception to the charge is what is termed a "broadside exception" and cannot be entertained. *McKinnon v. Morrison,* 104 N. C., 360.

The exception to the judgment is without merit, as the judgment properly followed upon the findings of the jury, and in every particular conforms to the statute.

No error.