## D. H. HENDRICKS v. H. B. IRELAND.

(Filed 16 April, 1913.)

1. Claim and Delivery—Replevy—Final Judgment—Return of Property—Measure of Damages.

Where the recovery of personal property is sought, with the ancillary remedy of claim and delivery, and the defendant has replevied the property and judgment has been finally rendered in the plaintiff's favor, it is proper for the judgment to require the return of the property, if to be had, and, if not, for its value as assessed by the jury, with damages for its detention.  Revisal, sec. 570.

○ **2. Issues.**

       Where the issues submitted fully cover the issues tendered, it is not error for the trial judge to refuse to submit the latter.

**3. Appeal and Error—Instructions—"Broadside" Exceptions.**

       Unless an exception to an instruction given by the trial court specify the errors therein, it will not be considered on appeal.

**4. Claim and Delivery—Judgments — Costs and Expenses — Agreement of Parties—Appeal and Error.**

       Where the defendant in claim and delivery of crops has replevied the property, and the plaintiff has recovered final judgment, an additional item of expense or cost allowed by consent to the plaintiff will be held as binding upon the parties on appeal.

APPEAL by plaintiff from *Cooke, J.,* at Fall Term, 1912, of DAVIE.

*A. T. Grant and Jones & Patterson for plaintiff.*
*T. B. Bailey and Jacob Stewart for defendant.*

PER CURIAM. This is an action for the recovery of personal property, with the ancillary proceeding of claim and delivery. The property was seized under the requisition, and replevied by defendant upon his giving bond. Plaintiff recovered in the action, and the usual judgment was entered for the return of the property, if to be had, and if not, then for its value, which the jury assessed at $400, and damages for deterioration at $70, and for detention at $217. This was correct in form (Revisal, sec. 570), and it was for the jury to ascertain the amounts.

1. It was not error to reject the issues tendered by defendant, as they were fully covered by those submitted. *Albert v. Insurance Co.,* 122 N. C., 92; *Coal Co. v. Ice Co.;* 134 N. C., 574; *Deaver v. Deaver,* 137 N. C., 240.

2. The damage to the logs while in possession of the sheriff under the order of seizure was not recoverable by the defendant, as he failed in the action, and the logs were not his property, and consequently no loss was suffered by him. This testimony could not have been pertinent to the counterclaim, for if the property was injured while in the custody of the sheriff, it was something of which the owner alone could complain, and did not relate to the efficiency of the plant agreed to be sold

according to defendant's allegations. If the defendant had established ownership of the property, the objection would have had more force.

3. The objection "to the instruction given by the court to the jury" is too general, and for that reason cannot be considered. An exception to a charge must specify the error therein. *Leak v. Covington,* 99 N. C., 559; *McKinnon v. Morrison,* 104 N. C., 354. Besides, the charge was free from error.

4. The item of $10.31, which was allowed against defendant in the bill of costs, appears to have been so taxed by consent of the parties, and, therefore, is not subject to exception. The other item of $26, cost and expense of seizing and caring for the property, was properly allowed. Revisal, secs. 637 and 799; *R. R. v. Main,* 132 N. C., 445.

We have carefully examined the record and case on appeal, and are convinced that the case was properly tried.

No error.