-EARNEST *v.* THE STATE.

</div>

ATKINSON, J.   1. Where one has been convicted and sentenced in a criminal case and has made a motion for a new trial, he can not, while the motion is still pending and undisposed of in the lower court, maintain a bill of exceptions assigning error upon the refusal of the court to set aside the sentence and judgment, the motion to set aside being based on an alleged error committed at the trial that entered into and affected the judgment, viz., that the sentence and judgment were passed and signed while the defendant was absent from the court-room. If the motion to set aside should be sustained, it would not affect the verdict or terminate the cause. Civil Code, § 6138; *Duke* v. *Story*, 113 *Ga.* 112 (38 S. E. 337); *Duncan* v. *Duncan*, 145 *Ga.* 424 (89 S. E. 486); *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841).

2. The ruling here made does not in any way conflict with the decision in *Hay* v. *Collins*, 118 *Ga.* 243 (44 S. E. 1002), which dealt with a motion in arrest of judgment, which is a separate cause from the main case and must be predicated on a defect, not amendable, which appears on the face of the record or pleadings. Civil Code, § 5957. The foregoing ruling is in response to a question certified by the Court of Appeals.

<div align="center">

*All the Justices concur.*

No. 912.   DECEMBER 12, 1918.

</div>

Question certified by Court of Appeals (Case No. 9536).
*James H. Dodgen,* for plaintiff in error.
*J. B. Wall, solicitor-general,* and *Jesse Grantham,* contra.