### 9536.  Earnest v. The State.

Broyles, P. J.  "Where one has been convicted and sentenced in a crim-
inal case and has made a motion for a new trial, he can not, while the
motion is still pending and undisposed of in the lower court, maintain
a bill of exceptions assigning error upon the refusal of the court to set
aside the sentence and judgment, the motion to set aside being based
on an alleged error committed at the trial that entered into and
affected the judgment, viz., that the sentence and judgment were passed
and signed while the defendant was absent from the court-room. If
the motion to set aside should be sustained, it would not affect the
verdict or terminate the cause. Civil Code, § 6138; *Duke* v. *Story*,
113 *Ga.* 112 (38 S. E. 337); *Duncan* v. *Duncan*, 145 *Ga.* 424 (89 S. E.
486); *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841). The ruling
here made does not in any way conflict with the decision in *Hay* v.
*Collins*, 118 *Ga.* 243 (44 S. E. 1002), which dealt with a motion in
arrest of judgment, which is a separate cause from the main case and
must be predicated on a defect, not amendable, which appears on the
face of the record or pleadings. Civil Code, § 5957." This ruling was
made on December 12, 1918, by the Supreme Court (148 *Ga.* 632, 97
S. E. 672), in response to a question certified by this court; and under
it the writ of error is

Dismissed. *Bloodworth and Stephens, JJ., concur.*

Decided January 9, 1919.

Indictment for misdemeanor; from Ben Hill superior court—
Judge Crum.  January 22, 1918.

*James H. Dodgen, Otis H. Elkins,* for plaintiff in error.

*J. B. Wall, solicitor-general, Jesse Grantham,* contra.