Plaintiff sued for damages, alleging that he contracted with the defendant to board and lodge nine of its employees at one and 25-100 dollars per day for each of them, and that after staying with him a few days they left his home, without any legal or sufficient cause, although he had to incur great expense in preparing to perform his part of the contract, and while they were with him as boarders and lodgers he supplied them with good and wholesome food and comfortable lodging, and was, at all times, able, ready, and willing to perform the contract *Page 333 
throughout the time named therein. The defendant denied the allegations of the complaint.
The jury returned the following verdict:
What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: "$150."
Judgment and appeal by the defendant.
There is but one question which requires consideration. Mrs. Wafford testified that she had eaten at the plaintiff's boarding house both before and after the employees came there, and saw the supper which was spread for them on the night they did not come, when they agreed to come and were expected by the plaintiff to come, and it "looked nice," was well cooked and "looked as nice as anybody's." Defendant objected to this testimony, but it will be observed that at least some of it was clearly admissible, and the objection must fail, for where a part of testimony is competent, although the other part of it may not be, and exception is taken to all of it, it will not be sustained. Defendant should have separated the "good from the bad," and objected only to the latter, as the objection must be valid as to the whole of the testimony. We will not set off the bad for him and consider only that much of it, upon the supposition that his objection was aimed solely at the incompetent part. He must do that for himself. This is the firmly established rule. S. v. Ledford, 133 N.C. 722; Barnhardt v.Smith, 86 N.C. 479; Phillips v. Land Co., 174 N.C. 542, 545, and cases cited; Caldwell County v. George, 176 N.C. 602. We have very recently, at this term, approved this rule. It also applies to the charge of the court.Ritter L. Co. v. Moffit, 157 N.C. 568; Hendricks v. Ireland, 162 N.C. 523;Sigmon v. Shell, 165 N.C. 582. And also to a demurrer in pleading.Caho v. R. R. Co., 147 N.C. 23; Hay v. Collins, 118 Ga. 243; Sloan v. S.A. L. Ry. Co., 64 S.C. 389; N. and W. R. Co. v. Stegall's Admx.,105 Va. 538; Va. and N.C. Wheel Co. v. Harris, 103 Va. 708.
But the testimony as to the kind of meals provided by plaintiff before the boarders came was relevant and competent, not generally or in all cases, but in this case, because of its peculiar facts. Plaintiff kept a boarding house and agreed for a consideration to take these employees of defendant as boarders, giving them such lodging and table board as he had theretofore furnished to his other boarders. There was no special provision for better board or accommodations. It was competent for the witness, therefore, in stating what kind of table board they received *Page 334 
after coming there, to compare it with that furnished before they came, as tending to show that, under the contract, which was general in its terms, and called for the same kind of accommodations and board theretofore supplied, the employees received the ordinary and usual board, and not such as they stated had been received. But if not substantive evidence it was, at least, corroborative of the witness, and no special instruction was asked as to how it should be applied by the jury, as required by Rule 27 of this Court. 164 N.C. (Anno. Ed.), p. 438.
The question to be decided, when this class of testimony is (316) offered, is whether it is relevant — that is, whether it rationally tends to prove the fact in issue, and is so related to it as to form a reasonably safe basis for a conclusion in regard to the fact. Where the defense in an action brought to recover for labor was that the plaintiff had unskillfully performed such labor, evidence that he had unskillfully performed other labor was held irrelevant. Campbell v. Russell,139 Mass. 278; McGuire v. Middlesex R. Co., 115 Mass. 239. Among inferences which, except under certain conditions, the law will not permit to be drawn, is that a person has done a certain act because he has done a similar act at another time. 17 Cyc. 279. The evidence in this case was both relevant and competent — relevant because it tended to prove a material fact, and competent because the witness had personal knowledge of the matters to which she testified, and her statement was not res inter alios acta, as suggested by defendant's counsel. It will be noticed that Mrs. Wafford spoke to the table fare both before and after B. H. Moore and the other employees came to board. She saw the supper spread for them and of which they did not come to partake, and she also had eaten at Mrs. Nance's table before that day. All this evidence tended to rebut that of the defendant, and to show that there had been full compliance with the terms of the contract by the plaintiff.
If the testimony offered in behalf of the plaintiff was found by the jury to be true, which seems to be the case, the plaintiff furnished such meals and substantial food as were sufficient to satisfy the normal appetite, though not, perhaps, suited to those of fastidious tastes. He was not required, under the contract, to gratify the luxurious tastes of an epicurean.
The testimony of Mrs. Wafford, that her daughter was employed by plaintiff to help in the house when the new boarders should come, and that she was afterwards told by plaintiff that her child's service would not be needed, as his wife could do the work after the boarders had lift, if not harmless, tended to show that plaintiff, as he stated, had prepared, after making the contract, to receive his guests and have the proper waiters at the table for serving the meals. They could not eat if they could not get the food, and there must be some one to bring it to them. *Page 335 
This is not an unusual but a customary provision at a boarding house or a hotel. This proof was offered to show plaintiff's readiness to perform his part of the contract.
A party to a contract can maintain an action for its breach upon averring and proving a performance of his own antecedent obligations arising on the contract, or that he was prevented from performing it by the other party or those acting for him. Tussey v. Owen, 139 N.C. 460. And as to the damages, profits, which would certainly have been realized but for the defendant's fault are recoverable. Hardware Co.v. Buggy Co., 167 N.C. 423. The principal rule in such cases (317) is that the party injured is entitled to recover all the damages, including gains prevented as well as losses sustained, as were fairly within the contemplation of the parties and capable of being ascertained with a reasonable degree of certainty. Gardner v. Telegraph Co.,171 N.C. 405, 407. The doctrine is thus well stated in Griffin v. Culver,16 N.Y. 489: "The broad general rule in such cases is that the party injured is entitled to recover all the damages, including gains prevented as well as losses sustained, and this rule is subject to but two conditions: `The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be excepted to follow its violation, and they must be certain, both in their nature and in respect to the cause from which they proceed.'" This Court, when discussing this rule, said in Hardware Co. v. Buggy Co., supra: "As shown by further reference to the authorities, this `certainty' referred to by the learned judge does not mean mathematical accuracy but a reasonable certainty," citing Sutherland on Damages and Hale on Damages, pp. 70-71. The subject is fully considered as to broken contracts in MachineCo. v. Tobacco Co., 141 N.C. 284, where we held:
"1. Where one violates his contract he is liable for such damages, including gains prevented as well as losses sustained, as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, such as might naturally be expected to follow its violation, and they must be certain, both in their nature and in respect to the cause from which they proceed. Griffin v. Culver, supra.
"2. The law seeks to give full compensation in damages for a breach of contract, and in pursuit of this end it allows profits to be considered when the contract itself, or any rule of law, or any other element in the case, furnishes a standard by which their amount may be determined with sufficient certainty.
"3. In an action for damages for a breach of contract, in the absence of some standard fixed by the parties when they made their *Page 336 
contract, the law will not permit mere profits, depending upon the chances of business and other contingent circumstances, and which are perhaps merely fanciful, to be considered by the jury as part of the compensation."
A text-writer thus refers to the rule: "In an action for damages the plaintiff must prove, as part of his case, both the amount and the cause of his loss. Absolute certainty, however, is not required, but both the cause and the amount of the loss must be shown with reasonable certainty. Substantial damages may be recovered though plaintiff can only give his loss approximately." Hale on Damages, p. 70, (318) quoted with approval by this Court in Bowen v. King, 146 N.C. 385. And further, on p. 71: "A difficulty arises, however, where compensation is claimed for prospective losses in the nature of gains prevented, but absolute certainty is not required. Compensation for prospective losses may be recovered when they are such as in the ordinary course of things are reasonably certain to ensue. Reasonable means reasonable probability. Where the losses claimed are contingent, speculative, or merely possible, they cannot be allowed." And as to torts, the rule applicable to them is stated in Johnson v. R. R. Co.,140 N.C. 574.
Some of these questions are not presented by the assignments of error, but they are discussed to some extent in the briefs, and we have deemed it proper that we should refer to them.
We will not close without adverting to the form of the issue, which we do not approve. There should have been an issue as to whether there had been a breach of the contract, the defendant having denied that there had been one. The second issue, then, should have been in the form of the one submitted, or substantially so. But there was no objection to the form of the issue, and we merely refer to it, because such an issue has been condemned by this Court. Denmark v. R. R. Co., 107 N.C. 186; Hatcher v.Dabbs, 133 N.C. 239; Shoe Co. v. Hughes, 122 N.C. 296. If the breach had been admitted, then, of course, the issue submitted would be the proper one.
There was no error in the trial of the case, and we find none in the record.
No error.
Cited: Singleton v. Roebuck, 177 N.C. 204; Bank v. Pack, 177 N.C. 391;Cary v. Harris, 177 N.C. 628; S. v. Bryant, 177 N.C. 708; Kennedy v.Trust Co., 180 N.C. 229; Fox v. Texas Co., 180 N.C. 545; Stanley v.Lumber Co., 184 N.C. 308; Leonard v. Davis, 187 N.C. 473; Rawls v.Lupton, 193 N.C. 431; Corbett v. R. R., 205 N.C. 88; Wilson v. Williams,215 N.C. 411; Parris v. Fischer Co., 221 N.C. 112; Grandy v. *Page 337 Walker, 234 N.C. 736; Hayes v. Bon Marche, 247 N.C. 125; Baker v.Construction Co., 255 N.C. 308.
(319)