THE MERCHANTS NATIONAL BANK v. L. C. PACK AND WIFE, D. L. PACK.

(Filed 29 October, 1919.)

**1. Appeal and Error—Evidence—Pleadings—Harmless Error.**

Defendant's exceptions to the introduction in evidence of an incomplete part of his answer to an allegation in the complaint, if erroneous, is harmless, or of insufficient importance to justify a new trial, when the witnesses have testified to the same state of facts, not controverted, and the charge of the court to the jury is a correct one.

**2. Evidence—Impeachment—Former Examination.**

For the purpose of contradicting the testimony of a party to the action on a material fact at issue, it is competent, on cross-examination, to read to him and question him on his examination previously taken before the clerk of the court upon the same matter.

**3. Issues—Trials.**

Issues are sufficient when they cover the case and present all matters in controversy.

**4. Appeal and Error — Objections and Exceptions — Exceptions Correct in Part.**

Exceptions taken to long extracts from the charge, which are correct in part, will not be considered on appeal.

**5. Appeal and Error—Objections and Exceptions—Contentions.**

> Exceptions to the judge's statement of the contentions of the parties must be taken at the time it was made, in order to afford him an opportunity to correct them, or they will not be considered on appeal.

**6. Deeds and Conveyances—Creditors—Fraud—Husband and Wife.**

> A deed of lands from a husband to his wife, when fraudulent, will be set aside as against the rights of creditors, when it is made to appear that it was without consideration, or that she participated in the fraudulent intent of her husband, or had notice thereof.

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at May Term, 1919, of FORSYTH.

The plaintiff alleged that the defendants are husband and wife, and were so at the times hereinafter mentioned; that it was a creditor of the male defendant, L. C. Pack, when he conveyed to his wife by deed a certain tract of land therein described; that at the time the husband was then indebted to plaintiff and others, and made the deed to his wife without any consideration therefor and without retaining property fully sufficient and available to pay his then existing creditors; that the deed was executed with the intent to hinder, delay and defraud the plaintiff, that the wife had notice of the fraudulent intent of her husband, and actually participated in the fraudulent transaction, and further, that the husband acted as her agent in conducting and consummating the same.

The defendant denied all of these allegations, and alleged that the land was purchased with her own money and belonged to her, although title had been taken in her husband's name, and that he was a trustee for her, and that the transaction was wholly free from any fraud or dishonesty on the part of the defendants, or any intention of either of the defendants to defraud the husband's creditors.

The court submitted issues to the jury, and they found that the deed was executed by the husband with the intent to defraud his creditors, and that his wife had notice of the fraudulent intent of her husband when she accepted the deed. Judgment was entered for the plaintiff upon the verdict, and the defendants appealed, having reserved several exceptions.

*J. E. Alexander for plaintiff.*
*Bennett & Brown for defendants.*

WALKER, J., after stating the facts as above: The court permitted the plaintiff to introduce as evidence a part of the complaint, and the corresponding part of the answer. The objection was not to the competency of the pleadings themselves as evidence, but the only ground taken was that plaintiff was allowed to offer only a part of the answer, which was that L. C. Pack executed the deed to his wife, whereas, the whole of that part of the answer is as follows: "That the allegations set out in para-

graph six are denied, except (it is admitted that Mrs. D. L. Pack is the wife of L. C. Pack, and that on or about the 19th day of February, 1917, the defendant, L. C. Pack, executed a deed to his wife, D. L. Pack), for a valuable consideration, all other allegations are expressly denied." We need not pass upon the correctness of this ruling of the court, as we are of the opinion, if there was error, it was harmless, as both L. C. Pack and his wife were examined as witnesses, and each of them stated on the direct examination that the deed had been executed at the time alleged in the complaint, 19 February, 1917, and there was really no conflict of evidence and no real controversy as to the existence of the fact. If there was error, therefore, it was harmless. The charge of the court, also, as we think, prevented any harm to the defendants, as it clearly stated the issues, and the evidence bearing upon them, which the jury should consider. It would not do to reverse upon so slight a ground, even if there was technical error. We have examined the entire case, with care and scrutiny, and cannot see that defendants have been prejudiced by the rulings. The defendants restricted themselves to a single ground of objection, and must abide here by the one they assigned below. *Rollins v. Henry,* 78 N. C., 342; *Kidder v. McIlhenny,* 81 N. C., 123; *Ludwick v. Penny,* 158 N. C., 104; *Proffitt v. Ins. Co.,* 176 N. C., 680; *S. v. Evans,* 177 N. C., 564. We cannot, therefore, consider the competency of the testimony, that is, the contents of the pleadings, though we may say, upon a review of all the evidence and the charge of the court, that if there was any error, in this particular, and proper objection has been made, this ruling would also have been harmless, or not of sufficient importance to justify another trial. 3 Graham & Waterman on Trials, 1235; *Brewer v. Ring and Valk,* 177 N. C., 476; *Schas v. Eq. Assurance Society,* 170 N. C., 420; *S. v. Smith,* 164 N. C., 476.

It was competent to read the examination taken before the clerk, and question L. C. Pack in regard to his answers, which appear therein, for the purpose of impeaching his testimony, as to the ownership of the property. If he had contradicted himself concerning this material fact, we see no reason why it could not be shown in this way. It is merely one way of showing contradictory statements of the witness. *Johnson v. R. R.,* 140 N. C., 581; *Keerans v. Brown,* 68 N. C., 43; *Edwards v. Sullivan,* 30 N. C., 302; *S. v. McLeod,* 8 N. C., 344. And such evidence may also be used for the purpose of corroboration. *Allred v. Kirkman,* 160 N. C., 392; *Bowman v. Blankenship,* 165 N. C., 519.

The issues were sufficient to cover the case and to present all matters in controversy. *Hatcher v. Dabbs,* 133 N. C., 239; *Potato Co. v. Jeanette,* 174 N. C., 240, and cases there cited. The judge gave those of the requested instructions to which the defendants were entitled, and the charge was more favorable to them in some respects than they had the right to expect.

The exceptions to the charge are without any merit, and, besides, they are taken to long extracts therefrom, which are surely correct in some particulars, even if not so in others. When this is the case, the exception will not be considered. *Nance v. Tel. Co.,* 177 N. C., 313; *Ritter L. Co. v. Moffitt,* 157 N. C., 568; *Hendricks v. Ireland,* 162 N. C., 523. The charge was a fair, full and correct statement of the evidence and the law arising thereon, and complete, in all respects, with the statute. If the contentions of the parties were not correctly stated, the attention of the judge should have been called to it at the proper time, so that he might make the necessary change in them, if any was required. *McMillan v. R. R.,* 172 N. C., 853; *S. v. Foster, ib.,* 960; *Mfg. Co. v. Bldg. Co.,* 177 N. C., 103; *Alexander v. Cedar Works, ib.,* 138.

We may add that a purchaser from a fraudulent vendor must have acquired the land for value and without notice. If *feme* defendant did not pay value or purchased with full knowledge of the evil intent and fraudulent purpose of the vendor in making the conveyance to her, her title fails as to his creditors. *Cox v. Wall,* 132 N. C., 730; *Morgan v. Bostic,* 132 N. C., 743; *Crockett v. Bray,* 151 N. C., 619; *Eddleman v. Lentz,* 158 N. C., 65; *Pennell v. Robinson,* 164 N. C., 257; *Smathers v. Hotel Co.,* 168 N. C., 69, at pp. 70 and 71, citing *Vosburgh v. Diefendorf,* 119 N. Y., 357; *Giberson v. Jolly,* 120 Ind., 301; *Bank v. Fountain,* 148 N. C., 590. The jury have evidently found, when we construe the verdict in the light of the evidence and the charge of the court, as we should do, that the *feme* defendant paid no consideration for the land, and took the conveyance from her husband with full knowledge of his intent to defraud his creditors. In *Aman v. Walker,* 165 N. C., 224, 227, *Justice Allen* states the principles relating to fraudulent conveyances, and along with others are these two, which are pertinent to this case:

"1. If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee and of which intent he had no notice, it is valid.

"2. If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the grantor, participated in by the grantee, *or of which he has notice,* it is void," citing *Black v. Sanders,* 46 N. C., 67; *Warren v. Makely,* 85 N. C., 14; *Worthy v. Brady,* 91 N. C., 268, and other cases, as supporting the classification. See, also, *Cox v. Wall, supra; Morgan v. Bostic, supra; Pennell v. Robinson, supra,* and *Smathers v. Hotel Co., supra.*

There was no ground upon which the court could have ordered a nonsuit. There was plenary evidence of the fraud.

The exceptions not specially considered by us are untenable.

No error.