The plaintiff was an employee of the defendant, and was injured while cleaning out a machine, through which lint cotton was carried.
The plaintiff's duties required him to clean the screens at least twice a day. The machine was composed of three sections, each section containing a beater and a screen. The beater was a rapidly revolving cylinder, on which there were sharp pins. This caught the cotton, separated it, and a draft of air threw it on the screens, from which it passed into another section. These screens were operated by a belt, and the beater by a different belt. This was a nearly new machine, having been installed not more than a year before the plaintiff was injured.
At the time of his injury the plaintiff was 58 years of age and had worked for the defendant about six years, but not in connection with this machine, which was new work to him. There was a belt-shifter which controlled the screen and the moving platform, and another belt which controlled the beater.
In order to clean the screen, the plaintiff would open a glass door, insert his hand and pull the waste cotton off of the screen and out of the machine. Before operating the machine at which he was injured, the plaintiff had worked in the card room. He knew nothing about operating this machine until about two months before he was injured. He testified that Moore, who was overseer and assistant superintendent of the mill, sent him to one Dillard Ellis, who was operating the machine, to take Ellis' job and send him upstairs in the mill for other work. The plaintiff had had no experience or instruction in the operation of this machine. The witness testified as to the manner in which he was injured: "I stopped the screens. They do not stop together. And then I went around and threw the beater loose, and went out and talked to my brother, I suppose, five or ten minutes, and then went back, and went to cleaning out the screens as I was told to do. If the waste gets in where it runs under the lint, it will cause the machine to burst, and it did burst one time. Some of the waste got caught on my fingers and jerked me down in it. The place where I had my hand was stopped, and I was doing exactly as I had been told to do. The waste got caught round my fingers. I had stopped the beater before I went out to talk to my brother, and I had pulled the loose pulleys on both. I stopped it the way I was shown, by pulling the lever; it draws the belt on the *Page 51 
loose pulley. Then I went out to talk to my brother, who worked in another room, and then I went back in there and went to cleaning the screens. You can't see the beater at all, and can't tell by sign or noise that it is running. I had not been told that when the belt was shifted on the loose pulley the beaters did not stop. I thought they would. Nobody had ever instructed me about the running, but I learned afterwards that it stopped or continued to run. I was hurt by the revolving of the beaters after I had taken every precaution as told. Two of the screens rolled together. The beater has shags, or nails." The witness further stated that he stopped both the screens and the beater by throwing the belt on the loose pulley, and that when he came back from seeing his brother five or ten minutes, he went to cleaning out the screens. The screens stopped at once. "You clean it by running your hand in the door. When I opened the door, there was nothing in there that I could see to tell that the beater was running, nor could I hear it. Some of the waste got caught on my hand and jerked it into the beater. I lost four fingers."
The motion of the defendant for nonsuit was overruled, and the defendant excepted. The jury found upon the issues that the plaintiff was injured by the negligence of the defendant, as alleged in the complaint; that he was not guilty of contributory negligence, and assessed his damages. Judgment upon the verdict, and appeal by the defendant.
All the assignments of error, other than the one to the nonsuit, are that the several instructions given were erroneous, in that "They were not justified by the allegations in the complaint and the evidence." These exceptions do not entitle the defendant, as its brief admits, to a new trial, for the reason that the exceptions to the statement by the judge of the contentions of the parties must be made before verdict. Besides, they are too general and indefinite. And as to the nonsuit, the evidence was sufficient to submit the case to the jury.
No error. *Page 52