Z. V. RAWLS v. E. S. LUPTON.

(Filed 23 March, 1927.)

1. **Appeal and Error—Presumptions — Burden of Proof — Evidence— Questions and Answers—Unanswered Questions.**

    The presumptions are in favor of the correctness of the rulings of law of the Superior Court, with the burden upon appellant to show error therein, and upon the refusal of the trial judge to admit in evidence answers to questions asked of the witness, it must be made to appear what the answers of the witness would have been so that the Supreme Court may pass upon its relevancy and materiality.

2. **Appeal and Error—Instructions—Exceptions — Statutes — Rules of Court.**

    Exceptions to the charge of the court must specifically relate to the complete portions upon which the appellant bases his exceptions, with

each separately numbered in relation to the distinct principle upon which exception is taken, and it must be made to appear in some appropriate and recognized way that the point is fully presented by the exception, or it will be ineffectual as being a broadside exception. C. S., 643.

**3. Appeal and Error—Questions of Law or Legal ,Inference—Constitutional Law.**

Where the record discloses no error of law or legal inference made upon the trial, the Supreme Court on appeal cannot consider whether a miscarriage of justice has resulted in the case appealed. Const. of North Carolina, Art. IV, sec. 8.

APPEAL by plaintiff from *Sinclair, J.,* and a jury, at the Fall Term, 1926, of PAMLICO. No error.

*D. L. Ward, Guion & Guion, and L. I. Moore for plaintiff.*
*No counsel for defendant.*

CLARKSON, J. This is an action for assault and battery, brought by plaintiff against defendant. The plaintiff alleges that the assault and battery was willful, wanton, and malicious, and in his prayer for judgment demands punitive as well as actual damages.

The issues submitted to the jury, and their answers thereto, are as follows:

"1. Did the defendant wrongfully and unlawfully assault and injure the plaintiff, as alleged in his complaint? Answer: 'Yes.'

"2. Was said assault willful, wanton, and malicious, as alleged in the complaint? Answer: 'No.'

"3. What damages, if any, is plaintiff entitled to recover from defendant? Answer: '$600, less $140 doctor bill—$460.' "

The plaintiff testified as to the occurrence, in part: "After he (speaking of defendant) asked me about the letter, he made the statement, similar to this, if not the exact words, he said, 'Don't you think you have bedeviled me enough in the last four years?' I said, 'Sheriff, the courts have sustained every matter I have had the last four years, and I don't see why you have taken this attitude.' I said, 'But for the fact that I agreed to a partial compromise of the money you owe the county, you would probably be in the penitentiary today.' He then jumped toward me like an angry bull, giving me a severe blow, struck the base of my nose between the eye and nose. I don't know how long I was unconscious, but the next I remember was standing in the hallway of the register of deeds' office; I was knocked down from the blow." Plaintiff's nose was broken from the severity of the assault and battery.

Defendant contended -that he struck him through sudden anger on account of sudden provocation.

There are numerous exceptions and assignments of error made by plaintiff as to the refusal of the court below to admit certain evidence. There is nothing in the record to indicate or disclose what the answers would have been to the question propounded the witnesses. We cannot assume that they would have been favorable to plaintiff. The burden is on the appellant to show error; therefore, the record must set forth and disclose the materiality and competency of the evidence. The record is silent. A long line of unbroken authorities, civil and criminal, support the position here taken. *Snyder v. Ashboro,* 182 N. C., 708; *S. v. Jestes,* 185 N. C., 735; *Layton v. Godwin,* 186 N. C., 312; *Hosiery Co. v. Express Co., ibid.,* 556; *Barbee v. Davis,* 187 N. C., 78, 85; *S. v. Ashburn, ibid.,* 717; *Smith v. Myers,* 188 N. C., 551; *S. v. Collins,* 189 N. C., 15; *Newbern v. Hinton,* 190 N. C., 108; *Hooper v. Trust Co., ibid.,* 423; *Pace v. McAden,* 191 N. C., 137.

C. S., 643, is as follows: "The appellant shall cause to be prepared a concise statement of the case, embodying the instructions of the judge as signed by him, *if there be an exception thereto,* and the request of the counsel of the parties for instructions if there be any exception on account of the granting or withholding thereof, *and stating separately, in articles numbered, the errors alleged.* A copy of this statement shall be served on the respondent within fifteen days from the entry of the appeal taken; within ten days after such service the respondent shall return the copy with his approval or specific amendments endorsed or attached; if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved." (Italics ours.)

In *Gwaltney v. Assurance Society,* 132 N. C., p. 930 (rehearing denied, 134 N. C., 552), construing this statute, this Court said: "Each exception to the charge is required by the statute (The Code, sec. 550, now C. S., 643), to be stated separately in articles 'numbered,' and no exception should contain more than one proposition, else it is not 'specific,' and must be disregarded."

Errors must be specifically assigned. An "unpointed, broadside" exception to the "charge as given" will not be considered. *McKinnon v. Morrison,* 104 N. C., 354. Exception to the charge of the court in general terms, not sufficiently specific to call the attention of the court to the particular point claimed to be erroneous, cannot be considered by an appellate court. *S. v. Webster,* 121 N. C., 586; *Pierce v. R. R.,* 124 N. C., 83; *Mitchell v. Baker,* 129 N. C., 63; *Sigman v. R. R.,* 135 N. C., 181; *Davis v. Keen,* 142 N. C., 496; *Streator v. Streator,* 145 N. C., 337; *Jackson v. Williams,* 152 N. C., 203; *Lumber Co. v. Moffitt,* 157 N. C., 568; *Sigmon v. Shell,* 165 N. C., 582; *Barefoot v. Lee,* 168 N. C., 89;

*Nance v. Tel. Co.,* 177 N. C., 313; *Bank v. Pack,* 178 N. C., 388; *Lanier v. Pullman Co.,* 180 N. C., 406; *Hale v. Rocky Mount Mills,* 186 N. C., 49.

Under C. S., 643, *supra,* and the decisions of this Court, the appellant must make "specific" exceptions to the charge of the court below, stating separately in articles numbered the errors alleged.

For example: Suppose the court below instructed or charged the jury as follows: ("The principle is well established that not only is a person who offers or attempts by violence to injure the person of another guilty of an assault, but no one, by the show of violence, has the right to put another in fear and thereby force him to leave a place where he has the right to be.") To the foregoing charge in brackets or quotation, as the case may be, the plaintiff or defendant, as the case may be, excepted.

Exception No. 1.

Battery is ("Any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent.") To the foregoing charge in brackets or quotation, plaintiff or defendant, as the case may be, excepted.

Exception No. 2.

("The actual offer to use force to the injury of another is assault; the use of it is battery; hence, the two terms are commonly combined in the term 'assault and battery.' ") To the foregoing charge in brackets or quotation the plaintiff or defendant, as the case may be, excepted.

Exception No. 3.

Of course, it goes without saying that appellant shall also set out in the assignments of error any exceptions taken during the trial in apt time to the admission or exclusion of testimony, or to rulings of the court on other matters. Those exceptions relating to the exclusion or admission of testimony, when brought forward into the assignments of error, shall reiterate, verbatim, such testimony. Exceptions to the charge can, if desired, be lettered a, b, c, etc.

### ASSIGNMENTS OF ERROR

1. The court erred in charging or instructing the jury as follows: "The principle is well established that not only is a person who offers or attempts by violence to injure the person of another guilty of an assault, but no one, by the show of violence, has the right to put another in fear, and thereby force him to leave a place where he has the right to be," as shown by plaintiff or defendant's exception No. 1. (R. p. .....)

In the present case, the statute has not been complied with. We do not mean to say that litigants cannot, by consent, eliminate so much of the charge as they do not think necessary for a decision of the legal

matters in dispute. Continuity of· the charge is necessary with the "specific" exceptions. Anything else is unfair to the trial judge—to have his charge cut up in piecemeal and disconnected. In the assignments of error, so much of the charge as is excepted to and numbered with reference to the page of the record, is necessary. We continue to point a way which it is hoped will be kindly considered and substantially followed. We have frequently long records to read and re-read, and unless the statute is followed, and *seriatim* exceptions to the charge are made and numbered, with assignments of error numbered, and giving record page, it is tedious and burdensome to "fish out" of the charge the numerous assignments of error. "In this way the scope of our inquiry is narrowed to the identical points which the appellant thinks are material and essential, and the Court is not sent scurrying through the entire record to find the matters complained of." *Byrd v. Southerland,* 186 N. C., p. 385.

The rules of practice, both of the Supreme and Superior Courts, have been carefully reëxamined and all modifications incorporated and are printed in 192 N. C., p. 837, with annotations.

Notwithstanding that the statute has not been complied with yet, we have examined the charge, and, as a whole, we can find no reversible or prejudicial error.

In plaintiff's brief it is said: "This matter thus far has been a great miscarriage of justice." The facts were passed upon by the jury in the court below. We have no power here except to "review upon appeal any decision of the courts below, *upon any matter of law or legal inference.*" Const. of N. C., part Art. IV, sec. 8.

On the record, we can find

No error.·