WALTER DALTON, by His Next Friend, MINTORA DALTON, v. THE
STONEVILLE CABINET COMPANY.

(Filed 11 April, 1928.)

**Master and Servant—Master's Liability for Injury to Servant—Safe Place
to Work—Warning and Instructing Servant.**

> *Held*, under the facts of this case involving the liability of the defend-
> ant in negligently furnishing its minor, an inexperienced employee, an
> unsafe power-driven machine to do his work, no error in the judgment for
> damages in the plaintiff's favor.

APPEAL by defendant from *Stack, J.*, at November Term, 1927, of
ROCKINGHAM. No error.

This is a civil action, brought by Walter Dalton, by his next friend,
Mintora Dalton, against the Stoneville Cabinet Company, to recover
damages for personal injuries which the plaintiff is alleged to have
received from the use and operation of an alleged defective machine.
The action was tried before his Honor, Hunter K. Penn, and a jury,
during the August Term, 1927, of the general county court of Rocking-
ham County.

The issues submitted to the jury, and their answers thereto, were as
follows:

"1. Was the plaintiff, Walter Dalton, injured by the negligence of
the defendant, as alleged in his complaint? Answer: Yes.

"2. If so, did said plaintiff, by his negligence contribute to his injury,
as alleged in the answer? Answer: No.

"3. What damage, if any, is said plaintiff entitled to recover of the
defendant? Answer: $400."

An appeal was taken to the Superior Court. The Superior Court
sustained the judgment of the general county court. Defendant assigned
errors and appealed to the Supreme Court.

*Glidewell, Dunn & Gwyn for plaintiff.*
*J. Hampton Price for defendant.*

PER CURIAM. At the close of plaintiff's evidence defendant moved for
judgment as in case of nonsuit, C. S., 567, which motion was overruled.
There was sufficient evidence to be submitted to the jury. It was in
evidence that Walter Dalton, a young and inexperienced lad, 16 years
of age, without any warning or instruction as to the hazards, risk
and danger, was put to work for the first time on a "sander," in de-
fendant's mill, used in the manufacture of furniture. The sander, it
is alleged, was defective. See *Boswell v. Hosiery Mills*, 191 N. C., 549.

Plaintiff's witness, C. H. Brown, testified, in part: "The sander this

boy was hurt on was in bad condition. Everything was wrong with it. I can't say how old it was. I didn't see any date on it. The back of the plate was broken. The lever was broken. It was a lever that held the plate down, and it was broken and let the bed plate rise up. The lumber would catch against the edge of the bed plate and hang it. . . . The machine was worn out. It would not do the work well. . . . If the machine was not broken it would not have been possible for this boy to have gotten his finger in between the bed and the plate."

Walter Dalton testified in part: "I think I was 16 years old when this accident happened. When I got hurt I had been working on this machine about an hour and a half. Mr. Null was the boss man who put me on it. He did not give me any instructions as to how to take the lumber off the machine. Nobody told me the machine was broken. I did not know anything about the crack being in there before I got hurt. I had never paid any attention to it, because that was my first job working on there. A boy named Tab Carter was putting the lumber in the other end of the machine. He was putting it in fast. He was putting them in as fast as I could take them out—faster. I was picking them off of the plate and one came out from under the plate and caught this plate and hit my finger and snatched my finger up to the belt that goes over with the notches in it; it hit the plate and caught my finger and snatched my finger in there. . . . It just snatched my hand in there and mashed it up and pulled the nail off." The defendant introduced no evidence.

We have read with care the charge made by the judge of the general county court and sustained by the judge of the Superior Court. It covers every phase of the controversy. It is clear, plain, concise and correct, and covers the law applicable to the facts in every respect. Defendant asked for no prayers for instruction. Some of the assignments of error of defendant do not come up to the requirements. *Rawls v. Lupton,* 193 N. C., 428. If they did, we see no error in them.

No error.