HENRY S. HANSON v. F. F. DICKSON, TRADING AND DOING BUSINESS AS DICKSON WOOD CARVING COMPANY.

(Filed 23 May, 1934.)

APPEAL by defendant from *Clement, J.,* at March Term, 1934, of GUILFORD. Affirmed.

This is a civil action tried at the December Term, 1933, of the municipal court of the city of High Point, North Carolina, before Honorable Lewis E. Teague, judge presiding, and a jury. Plaintiff, Henry S. Hanson, brought an action to recover damages of the defendant arising out of alleged breach of contract, the defendant filing answer admitting the contract, but alleging that it was dissolved by mutual consent. The jury answered the issue submitted to it to the effect that the defendant was indebted to the plaintiff in the sum of $278.30, and judgment was signed accordingly.

The defendant made the following material exceptions and assignments of error and appealed to the Superior Court: (1) The defendant, at the close of plaintiff's evidence, and at the close of all the evidence, made motions as in case of nonsuit. C. S., 567. (2) That his Honor failed to define a contract and explain the law with reference thereto in his charge to the jury.

The judgment in the court below is as follows: "This cause coming on to be heard, upon appeal from the municipal court of the city of High Point, and being heard upon the assignments of error on the part of the defendant as set forth in the record; It is ordered that each and every assignment of error appearing in the record be overruled; that the judgment heretofore rendered in the municipal court of the city of High Point be in all things affirmed, and that the clerk of this court certify this opinion to the municipal court of the city of High Point to the end that said cause may be proceeded with according to law."

The defendant assigned again the above exceptions and assignments of error made from the municipal court to the Superior Court and appealed to the Supreme Court.

*Lovelace & Kirkman for plaintiff.*
*Gold, McAnally & Gold for defendant.*

PER CURIAM. From a careful reading of the record, we think the municipal court of the city of High Point, N. C., and the court below, properly overruled the motions made by defendant for judgment as in case of nonsuit. C. S., 567. We think the evidence in regard to the contract and alleged new contract was sufficient to have been submitted to the jury.

The exceptions and assignments of error made to the charge of his Honor, Lewis E. Teague, in municipal court of the city of High Point, as to his failure to define a contract nowhere appears to any part of the charge as given. An "unpointed, broadside" exception to the "charge as given" will not be considered. *Rawls v. Lupton,* 193 N. C., 428. We may say, however, taking the charge as a whole, and not disconnectedly and giving it a liberal construction, we think the contentions of the litigants to the controversy, and the law applicable to the facts, were fairly and correctly given. The court below affirmed the judgment of the municipal court of the city of High Point and in this we see no error. The judgment of the court below is
Affirmed.