FANNIE G. HIGHSMITH et als. v. W. D. WHITEHURST and JOHN COBURN.

*Action to Set Aside Sale of Lands by Administrator—Administrator—Purchase by Administrator of Decedent's Land—Setting Aside Sale.*

1. The purchase of land of an intestate by his administrator at a sale legally conducted, confirmed and price paid, passes the legal title and can only be set aside at the suit of some one having an equitable interest therein and upon a repayment of the purchase money.
2. Where land was sold by an administrator to pay debts of his intestate and was bought for his benefit, at its full value, and the sale was confirmed, the price paid, and the creditors ratified it by receiving the proceeds, which together with the other assets were not sufficient to pay the debts of the estate in full, the widow and heirs of the decedent have neither any legal right to the land nor any equitable ground upon which to have the sale set·aside or to have the purchaser declared a trustee for them.

CIVIL ACTION, tried before *Boykin, J.*, and a jury, at January Term, 1896, of PITT Superior Court.    The nature of the action, and facts upon which·it was based,·are stated in the opinion of the court.    There was a verdict for the plaintiffs and from the judgment thereon the defendants appealed.

*Messrs. Blount & Fleming*, for plaintiffs.
*Mr. J. L. Bridgers*, for defendants (appellants).

FURCHES, J.: In the month of January, 1883, B. C. Highsmith died intestate, and soon thereafter (April 9th, 1883,) the defendant, M. D. Whitehurst, was appointed and qualified as his administrator. There being an insufficiency of personal assets to pay the indebtedness of his intestate, the defendant administrator applied for and obtained an order to sell the real estate. The proceedings to obtain this order for the sale of land was put in evidence and is made a part of the case on appeal. And while it is not as formal as it might have been, it appears to have been substantially correct and authorized the defendant administrator to sell the land. This he proceeded to do on the third day of December, 1883, when the defendant, Barnhill, bid it off for the defendant administrator at the price of $1,211.

This sale was reported by the administrator and confirmed by the court, and the defendant administrator has since the sale made a deed to Barnhill and Barnhill has made a deed to W. D. Whitehurst, a son of the administrator, by and under his directions.

That since this, William Whitehead and other creditors of the intestate brought a creditor's bill against the administrator, Whitehurst, which was also put in evidence and made a part of the case on appeal, in which an account of defendant's administration was taken. And in this account the defendant administrator was charged with this $1,211 and interest thereon, which he has since paid to the creditors of his intestate under the order and decree of the court.

In this creditor's bill it was found by the referee that the whole amount of intestate's estate, including the $1,211 for which the land sold, was only sufficient to pay a *pro rata* on said indebtedness of less than 50 cents on the dollar.

This report of the referee was in all things confirmed by

Whitaker, J., at Fall Term, 1890, and under this decree the defendant administrator has paid the creditors of his intestate every dollar for which he was found to be liable, including the $1,211 and interest thereon.

Under this state of facts, the plaintiff, the widow and children and heirs at law, bring this action, which as originally constituted was an action of ejectment dependent upon plaintiff's legal title.    But by several amendments to the complaint it was turned into an equitable action in which it is asked that the proceeding, order of sale, sale and order of confirmation, be set aside; and, if this cannot be done, that defendants be declared trustees for plaintiffs, and required to convey to them.    And upon the case coming on for trial the defendants proposed to convey to plaintiffs the lands bought by Barnhill, if the plaintiffs would pay them the $1,211, the amount for which it sold.    This proposition was declined by plaintiffs.

The plaintiffs have shown no sufficient reason to set aside and vacate the order of sale, as it is not contended but what it was necessary to sell the land to pay the debts of intestate.    And this is shown to be so by the undisputed evidence.

This being so, the administrator had the authority to sell and the purchase by Barnhill, the acceptance of his bid, the report and confirmation of the sale, and the deed to Barnhill passed the legal title out of plaintiffs.    It is true, equity will vacate and declare such sales void; but this is the work of equity and equity will not do an inequitable and unjust thing.

The plaintiffs had neither the legal nor the equitable title to this land when they commenced this action.    The legal estate that descended to them upon the death of their ancestor had been taken out of them by the proceedings to

sell for assets, the order of sa'e, the sale, report and con-
firmation and deed to Barnhill.

They had no equitable interest because there was not
one dollar of the proceeds of the sale going to them. And
the *cestuis que* use the creditors of their ancestor, to whom
the money was going, had ratified and. approved said sale
by receiving and accepting the money —the proceeds of
said sale. And there is no intimation that there was any
collusion between the creditors and the administrator to
defraud the plaintiffs. Indeed, it is shown that the plain-
tiffs could not have been injured by the purchase of Barn-
hill, though made for the administrator, as the land sold
for $1,211, when the jury on the trial of this case found that
at the date of the sale it was only worth $1,200.

In no view of the case presented by the record could the
plaintiffs have the defendants declared trustees for their
benefit, and certainly not without putting them in *statu
quo* by paying the money the administrator had paid for
the estate. And this much may be said to his credit (and
we are not willing to say that he has acted nicely in all
this administration), that he offered to convey to plaintiffs
the land sold and reconveyed to him upon the payment to
him of $1,211, the amount of Barnhill's bid; although he
was charged with and paid the creditors for this land the
sum of $1,659.07, this being principal and interest, while he
had only been in possession of the land a part of the time.
This proposition to convey upon the payment of $1,211
while not necessary, as we have seen, to his defence in this
action, relieves it from the appearance of oppression.

We do not undertake to pass upon any rights the parties
may have as to dower and homestead.

It is a well settled principle that courts of equity, or
courts exercising equitable jurisdiction, will set aside sales
where the administrator becomes the purchaser, either

directly or indirectly. And to do this it is not necessary to allege or show fraud; but it will not do so after there has been a ratification and the purchase money paid. And certainly not after the purchase money has been paid and accepted by those entitled to receive it, without requiring the purchase money to be repaid.

Error.