### G. F. RUSSELL and Wife v. ISAAC ROBERTS.

*Action to Recover Land—Legal Estate—Sale Under Trust Deed —Purchase through Auctioneer.*

1.  It is necessary for a plaintiff in an action to recover land, claiming as an heir of an ancestor, to show that such ancestor was the owner of the land at his death; hence, a plaintiff in such action, claiming as the heir of one who at his death had only an equity of redemption, can have no legal estate in the land to support the action.

2.  Where a purchaser of land at a sale under a deed of trust procured the auctioneer to bid it off for him without the knowledge of the trustee, the sale is not void but voidable only and can be set aside only when the party seeking the rescision is able to place the purchaser in *statu quo* and offers to do so.

3.  Where land was sold under the powers contained in a deed of trust and brought a fair price and the money was applied to the payment of the debt secured by the trust deed, the heirs of the trustor have no equity to have the sale set aside for a mere irregularity after the lapse of many years when it would be impossible to place the parties in *statu quo.*

CIVIL ACTION tried before *Starbuck, J.,* on a case agreed, at Fall Term, 1897, of DAVIE Superior Court.    There was judgment for the plaintiff and defendant appealed.    The facts appear in the opinion.

*Messrs. A. E. Holton* and *Glenn & Manly*, for plaintiff.

*Messrs. T. B. Bailey, Womack & Hayes* and *Watson, Buxton & Watson*, for defendant (appellant).

FURCHES, J.: In 1860 Abraham Pruett being largely indebted, in June of that year executed a deed of trust to T. S. Martin, conveying the lands in controversy and also his personal property to secure the payment of the several debts therein named, amounting to about $5,000. Among the debts so secured was one of $2,000 to John L. Cain for a part of the land conveyed in the deed of trust and for which he had no deed. The trustor Pruett continued to reside on the land so conveyed in trust until the time of his death in 1865; and his family together with the plaintiff's continued to reside thereon for a year or more after the death of Pruett. The trustee, Martin, then took possession of the said land, and in 1868 or '69 sold the same after due advertisement at public outcry to the last and highest bidder, when the defendant became the purchaser at the price of $2,600. The deed of trust contained a power of sale authorizing said Martin trustee to sell, if the debts secured were not paid within one year—and it is not contended that they were so paid.

As the trustor, Pruett, had no deed conveying to him the legal title to the J. L. Cain tract, and none could be had until the purchase money was paid, and as it appears that the trustee had to resort to the Courts to perfect this title, no deed was made to defendant until 1872 when he got a deed for a part of the land, and in 1873 he got a deed for the balance of the land so purchased.

But it is admitted that the property sold for a fair price, that all the purchase money was paid and properly applied to the payment of the debts secured in the trust, $2,000 being applied to the J. L. Cain land debt. The plaintiff Nancy is

a daughter of the trustor, Pruett, and she and her husband, G. F. Russell, were married in 1859, and she is now, and has been ever since her said marriage in 1859, a *feme-covert.* The defendant was not personally present at the sale of this land by the trustee, Martin, but had procured one W. A. Roby to attend the sale and to bid the property off for him if it did not bring more than $3,000. The land was sold on the premises as provided in the deed. The trustee, Martin, was present superintending the sale, and after Roby got to the place of sale, the trustee, Martin, not knowing that he had come to bid on the land for the defendant, employed Roby to cry the sale, which he did—bidding for the defendant, until he could get no other bid, and knocked off the land to the defendant at the price stated.

This fact, that Roby acted as the auctioneer and also as the agent of the defendant in bidding for the land, constitutes the ground upon which the plaintiffs ask relief that said sale be set aside and the deeds from the trustee, Martin, to the defendant be declared void and that the same be cancelled.

The deeds from Martin, trustee to defendant conveyed the legal title. This was admitted on the argument and the title relates back to June, 1860, the date of the deed of trust from Pruett to Martin. As the *feme* plaintiff claims, as an heir of Pruett, it is necessary for her to show that he was the owner at the time of his death, as no man has *heirs* while living. Then, as Pruett had no legal estate in the land at the time of his death, the *feme* plaintiff can have none.

Pruett at the time of his death had but an equity of redemption in the land in controversy. *Hemphill* v. *Ross,* 66 N. C., 477; *Parker* v. *Beasley,* 116 N. C., 1.

Where a purchase is made by a third person for a mortgagee, trustee, executor or administrator having the power to sell, the money paid and the deed made, the sale is not

void but only voidable, and the legal title passes. *Gibson* v. *Barbuor*, 100 N. C., 192; *Froneberger* v. *Lewis*, 79 N. C., 426; *Sumner* v. *Sessoms*, 94 N. C., 371; *Highsmith* v. *Whitehurst*, 120 N. C., 123.

But this case is not so strong for the plaintiffs as the cases just cited. In this case the trustee did not buy at his own sale by another, and so far as appears, he knew nothing of the fact that Roby was bidding for the defendant until the sale was over.

But the plaintiffs contend that the sale was irregular and voidable for the reason that Roby, the auctioneer, was the agent of the defendant in bidding for the land, and for this contention cite the case (note) *Caswell* v. *Jones*, 20 L. R. A., 503. This note shows that the authorities are somewhat divided as to the law, in cases where an auctioneer bids for an indifferent person at a sale he is crying. But none of them go further than to hold that such sales are voidable. None of them hold that they are void. And this doctrine, that such sales are voidable, if parties interested so elect, while the parties are in *statu quo*, or where the parties asking the rescision are able to place the purchaser in *statu quo*, and propose to do so, seems to be sustained by weight of authority. But this is not the case here. The plaintiffs do not allege their ability or willingness to do this. Indeed we can see that at this great length of time, 28 or 29 years after the sale, it would be impossible to do so.

But what grounds have the plaintiffs to rest their equity upon? We have seen they have no title—never have had. The father of the *feme* plaintiff conveyed the land to Martin in trust to pay his debts. Martin sold as he was authorized to do. The land brought a fair price and every dollar of the money was applied to the payment of the debts of the trustor, and, as we must see from the amount of the indebtedness secured, did not pay anything like all the debts

secured. And how it was, or is, that the *feme* plaintiff has an equity in this land after it had been sold by the trustee for a fair price and every dollar of the purchase money properly applied to the payment of her father's debts, to which it had been specially dedicated, we cannot see. *Highsmith* v. *Whitehurst, supra.*

It will take more than a mere technical irregularity to warm the conscience of this Court to set aside deeds and upset transactions that have quietly slumbered for so long a time.

There is error and the judgment of the Court below is reversed.

Error.