A. B. GORRELL et al. v. J. W. ALSPAUGH, et al.

(Opinion Filed March 22, 1898.)

*Deed Absolute on Face—Security for Loan—Mortgage
—Trusts—Extinguishment.*

[For Syllabus see 120 N. C. R., ·362.]

PETITION by plaintiffs to rehear the case between same parties decided at February Term, 1897, and reported in 120 N. C. R., at page 362.

*Messrs. Jones & Patterson* and *A. E. Holton* for plaintiffs, (appellants).
*Messrs. Watson, Buxton & Watson* for defendants.

DOUGLAS, J.: This is a rehearing of the case heard here at February Term, 1897, and reported in 120 N. C., 362. Few cases that have come before this Court have received more careful consideration, not only on account of the important and interesting principles involved, but from the exhaustive argument and re-argument of learned counsel and the very able dissenting opinion. In adhering to our judgment, it is unnecessary to go over again the same line of argument that brought us to our former conclusion, or to review the large number of authorities cited on either side. Many of the principles so strenuously urged by the plaintiffs will be unhesitatingly admitted, and the long line of eminent authorities would be conclusive did they apply to what we believe to be the essential facts in the case. At the outset we are met with the solemn admission of the plaintiffs that there was no *actual* fraud. There could have been no intent to defraud creditors in the inception of the transaction, because there were then no creditors to de-

fraud. If there is any fraud, it is purely one of con-
struction, springing from the conscience of the Court,
and in this case we are asked to construe as fraudulent
as to creditors, then neither in being nor in contempla-
tion, a deed admittedly good between the parties, and
on the faith of which the defendant Hines has paid the
full value of the land. The deed from Alspaugh as
administrator to Hines cannot be treated purely as a
mortgage. Even to effectuate the contention of the
plaintiffs it must operate as a deed in fee simple to take
out of Norwood's heirs the full legal and equitable estate
in the land conveyed. This deed was not void in its in-
ception, certainly not as to these creditors who had no
existence. At best it was only voidable by the heirs of
Norwood, and conveyed to Hines the legal title which
would vest in him until divested by proper conveyance
or legal proceedings. *Highsmith* v. *Whitehurst,* 120 N.
C., 123. It might be that, if there had been an actual
fraudulent intent, a Court of Equity might construe
Hines into a trustee for the creditors of Alspaugh, but
this question is not now before us, as it is admitted
there was no actual fraud.

In the argument the plaintiffs lay great stress upon
the leading case of *Halcombe* v. *Ray,* the well settled
doctrine of which we have no inclination to dispute, but
which has no application here. In that case, Bailey,
the former owner, did not convey to Ray, but conveyed
to Tredway who executed to Ray the deed construed to
be a mortgage, and which was in fact intended simply as
a security. This deed was attacked by Tredway's credit-
ors as being void as to them, and upon its defeasance the
land would have reverted to Tredway the mortgagor,
and have been liable for his debts. It was not necessary

122—36

that that deed should operate as a conveyance in fee simple as well as a mortgage in order to bring the land within reach of Tredway's creditors, and when declared void it was set aside entirely as to them. In the case at bar, it is sought to give the deed of Alspaugh, as administrator, to Hines, the double effect produced by the deeds of Bailey to Tredway and Tredway to Ray combined. In other words the deed now attacked must operate as a deed in fee from Norwood's administrator to Hines and as a mortgage from Alspaugh personally to Hines. This we think clearly distinguishes this case from that of *Halcombe* v. *Ray* and the line of decisions based thereon. The case of *Thorpe* v. *Ricks*, 21 N. C., 613, was in actual fraud of creditors, and moreover was tainted with usury. We see no error in our former judgment and must deny the petition to rehear.

Petition denied.

(FAIRCLOTH, C. J., did not sit on the hearing of this case).

FURCHES, J., dissenting:—I must again dissent from the opinion of the Court in this case upon the ground that the transactions between Alspaugh and Hines were in violation of our registration laws, and therefore fraudulent as to the plaintiffs.

In support of this opinion I will only cite, in addition to the authorities cited in my former dissenting opinion, the case of *Blalock* v. *Strain*, at this term.