G. C. GRAVES v. W. K. JACKSON.

(Filed 1 April, 1909.)

1. Instructions Requested—Charge.

When the trial judge substantially gives, by a change of language, proper instructions requested, without weakening their force, there is no error.

2. Mortgagor and Mortgagee—Cancellation—Possession—Mortgage to Third Person.

When the mortgagor of a mule for the purchase price fails to pay the mortgage debt, he and the mortgagee can make a valid agreement to cancel the mortgage upon the condition that the mule be surrendered; and after such has been done and the absolute and unconditional title restored to the mortgagee, who hires the mule to the former mortgagor, a mortgage of the mule then made by the latter to a third person will not be valid, and upon conflicting evidence an issue of fact is raised for the jury.

3. Judgment—Parties—Strangers.

The owner of a mule is not bound by a judgment rendered in an action between a third person and one attempting to mortgage the mule to him, when he was not a party thereto.

ACTION tried before *Long, J.,* and a jury, at September Term, 1908, of· MOORE.

Plaintiff appealed.

*U. L. Spence* for plaintiff.
*R. L. Burns* for defendant.

WALKER, J.    This action was brought to recover two mules which the plaintiff alleged the defendant unlawfully withholds from him, or for the value thereof.    The mules were taken into possession by the sheriff, under a requisition issued in an ancillary proceeding of claim and delivery, and the defendant gave bond for the return of the property and the same was delivered to him by the sheriff.·    The judgment below was in favor of the defendant, and the plaintiff appealed.

It appears that the controversy in the trial below was confined principally to the "dark horse-mule."    The defendant had agreed with one W. B. Tyson, in 1903, that if Tyson should pay him $125 on or before 1 November, 1903, the mule should then be his property.    Tyson failed to pay the money, being unable to do so, and the agreement was canceled by the parties, and afterwards he "hired" the mule to Tyson.    The evidence tended to show that the title to the mule was to continue in Jackson until the $125 was paid.    In 1904, after the agreement between Jackson and Tyson had been canceled, Tyson mortgaged the mule to the plaintiff, and the plaintiff relied upon the mortgage to establish his title to the mule.    It also appeared that in an action between the plaintiff and Tyson to recover this mule and other property the court adjudged that Tyson was indebted to the plaintiff on the mortgage debt in the sum of $238.21, and that the property seized in the action under the requisition in the claim and delivery proceeding was worth $35. The mule was not seized, and the court merely adjudged that the plaintiff recover of Tyson the said sum of $238.21 and interest, and further that plaintiff is the owner of the mule and other property described in the complaint as between him and Tyson. The defendant was not·a party to that suit.

The respective parties submitted prayers for instructions, which, we think, were substantially given by the court.    The

judge is not required to give an instruction in the very words used by counsel in the request for it, even if the instruction be a proper one. If he gives it substantially, and does not, by any change of language, weaken its force, it is a sufficient compliance with the law. *Rencher v. Wynne,* 86 N. C., 268. The court, by its instructions, left the facts to be found by the jury, and correctly explained to them the law arising upon the evidence. We do not see why Jackson and Tyson could not cancel their agreement if Tyson found that he was unable to pay the price of the mule, and thereby restore the absolute or unconditional title to Jackson. All the evidence tended to show that at the time Tyson executed the mortgages to the plaintiff the title to the mule was in Jackson. The jury evidently found this to be the fact.

As to the suit between the plaintiff and Tyson, the defendant was not bound or concluded by any adjudication therein, not having been made a party to the action.

There was no error in the instructions as to the amount due on the plaintiff's mortgages. This was an issue of fact, which was properly left to the jury. Indeed, the plaintiff, by his fifth prayer, appears to have so regarded it.

We find no reversible error in any of the rulings of the court to which the plaintiff excepted. The case was fairly submitted to the jury by the court. It practically involved an issue of fact, which the jury, upon the evidence, found against the plaintiff.