Z. W. MORRIS et al. v. R. A. CARROLL.

(Filed 19 April, 1916.)

**Mortgages—Foreclosure—Assignee of Mortgage—Purchaser—Heirs at Law—Deeds and Conveyances—Title—Husband and Wife—Curtesy.**

An assignee of a mortgage of lands who has taken part in the control and conduct of the foreclosure sale thereunder cannot acquire an unconditional title to the lands thus sold; and where the lands were owned by the deceased mother of the plaintiffs, her heirs at law, and she and her husband, their father, had executed the mortgage, and at the foreclosure

sale the father, the tenant by the curtesy, became the purchaser and immediately conveyed the lands to the defendant, the assignee of the mortgage, who had taken part in the control and management of the sale, and there is no suggestion that the latter acquired the lands for value and without notice, the plaintiffs may maintain their suit against him for the foreclosure of the mortgage, and have the proceeds of the sale applied to the mortgage debt.

ACTION to redeem land alleged to be encumbered by a mortgage, and to recover possession of same, tried before *Justice, J.,* at November Term, 1915, of DAVIDSON.

Defendant denied the right to redeem, claiming sole and unencumbered ownership of the property.

There was judgment for plaintiff, and defendant excepted and appealed.

*Raper & Raper for plaintiff.*
*Walser & Walser for defendant.*

PER CURIAM. We have carefully examined the record, and find no sufficient reason for disturbing the result of the proceedings below. From a perusal of the pleadings, it appears that plaintiffs are the children and heirs at law of M. L. Morris and his wife, Annie, both of whom are now deceased; that the title to the land, about 30 acres, was in Annie, the wife, and in 1901 the two became indebted to one Harris Nooe in the sum of $23.50 and executed a mortgage on the land to secure the same; that in 1907 Annie died, leaving plaintiffs, then minor children living with the father, the latter having a life estate in the land as tenant by the curtesy; that in 1903 the creditor assigned the debt and mortgage to defendant R. A. Carroll, and the latter, holding these, on 3 October, 1903, had the land put up for sale, when Morris, the father of plaintiffs, bought it in for a nominal consideration, taking a deed from the mortgagee and immediately conveyed the same to defendant, who is in possession, claiming to own the land under said conveyance; that M. L. Morris died in 1910, leaving him surviving the present plaintiffs, who were all minors at the time of the mortgage and sale and still are, except Fletcher Morris, who is now 23 years old, and Z. W., who is now 21.

The Court has very recently held that the principle which prevents a mortgagee in one of these sales *inter partes* from buying at his own sale and renders same ineffective as a foreclosure at the election of the mortgagor or his legal representative, applies and extends to an assignee of the debt and mortgage when the latter took part in the control and conduct of the sale. *Owens v. Mfg. Co.,* 168 N. C., 397.

Defendant admits in his answer that, holding the note and mortgage at the time, he took part in the control and management of the sale. There

is no averment that he bought for value· and without notice, and it appearing further that the land was bid in by the father, one of the mortgagors and debtors, and transferred immediately to defendant, we concur in his Honor's view that on the face of the record it sufficiently appears that the attempted sale was ineffective as a foreclosure, and that defendant, occupying the land under such a conveyance, held the same subject to redemption and an accounting, at the instance of plaintiffs, the children and heirs at law of Annie, one of the mortgagors and original owners of the land.

We find no error in the disposition of the case, and the judgment below must be

Affirmed.