M. P. HUBBARD COMPANY, INC., v. C. S. BROWN, NORMAN HALL, AND J. R. WEAVER.

(Filed 19 September, 1923.)

1. **Bills and Notes—Guarantor of Payment—Evidence—Seller and Purchaser—Endorser.**

Where the defendants deny individual liability as purchasers of plaintiff's fertilizer, but contend they were acting merely as agents for the sale, to others, and refuse to endorse their customer's notes, which the plaintiff insists they had contracted to do, evidence that one of them had agreed to endorse them for a consideration is competent as tending to show he had agreed to become a guarantor of payment. ˇ

2. **Principal and Agent—Evidence—Seller and Purchaser.**

Defendants having apparently signed a contract for the purchase of fertilizer individually, denied in the seller's action individual liability, and contended they were acting only as agents in the sale to others: *Held*, competent for the plaintiff to show that a defendant gave orders as to whom the fertilizers were to be shipped, and introduce a contract of the previous year, executed in like manner, showing individual liability, and introduce evidence that plaintiff had sold the fertilizer upon the defendants' individual responsibility, after investigating them.

3. **Bills and Notes—Endorser—Renewal—Extension of Time—Releasing Endorser.**

Upon the issue of whether the payee of a note had released the defendants from an agreement to become endorsers, by renewals and extension of time of payment without their knowledge: *Held*, competent for plaintiff to show defendants' knowledge and consent, and what one of them had said to its agent in respect thereto; also, admissions of liability made to the agent two years after the execution of the contract of sale.

**4. Appeal and Error—Questions and Answers.**

Where the record shows exceptions to unanswered questions, without more, the exceptions will not be considered on appeal.

**5. Appeal and Error—Instructions—Requests for Instruction.**

The refusal to give a requested instruction is not error, when correctly stated by the judge in his general charge, or when it is more favorable to appellant than he had requested.

**6. Instructions—Requests for Instructions—Evidence—Assumption of Fact.**

A request for instruction that assumes as a fact an issuable question is properly denied.

APPEAL by defendant from *Allen, J.,* at February Term, 1923, of HERTFORD.

On 6 January, 1920, the plaintiff and defendants entered into a written contract for the sale of a certain quantity of fertilizer to be shipped from the plaintiff's factory in Baltimore to the defendants, in Hertford County, North Carolina.

The contract provides, in part, that all goods delivered under said contract would be due 1 July, 1920, and the defendants were to make full settlement on or before 1 July, either in cash or by note. If paid in cash, the defendants were entitled to a 5 per cent discount if settlement was made on time. Notes were to be given by the purchasers to whom the fertilizer was sold, said notes to be endorsed by the defendants and made payable to some bank not later than 1 July, 1920, and if any of said notes were unpaid ninety days after maturity, the said defendants were to pay them.

The defendants ordered under said contract about $28,000 worth of fertilizer; the defendants sold said fertilizer to various farmers and took their notes, which notes were worthless to the plaintiff unless endorsed by the defendants as agreed upon in their contract. The plaintiff knew none of the purchasers of the fertilizer, but relied solely upon the defendants for payment of all goods shipped on their order.

Most of the purchasers of the fertilizer thus bought were insolvent, and the credit extended them was in reliance upon the endorsement of the defendants, the plaintiff looking to the defendants alone for the purchase price of the fertilizer.

After taking the aforesaid notes from the purchasers of the fertilizer, which purchasers the defendants had selected, the latter sent these notes to the plaintiff in Baltimore without endorsement; the plaintiff refused to accept said notes until properly endorsed. The defendants, in sending these notes to the plaintiff, endorsed only some of them. The plaintiff knew none of the parties to the transaction, except the defendants,

and no fertilizer, according to the testimony, would have been sold by the plaintiff unless Norman Hall, one of these defendants, had signed the contract.

There was testimony on the trial that the defendants took security from several of the purchasers, and after their failure to pay the defendants, the defendants sold the land of such purchasers and bought it in, in their own name, but refused to pay the plaintiff the price of the fertilizer.

The plaintiff also produced testimony in the trial that Norman Hall, one of the defendants, declined to sign the contract and thereby become responsible for the fertilizer, unless the plaintiff could give him a certain sum for his guarantee. The plaintiff offered $2 per ton for such guarantee. To this said Hall replied, saying that he would not "accept less than $2.50 a ton," which the plaintiff agreed to pay him, and has paid him to the amount of $1,250.

In their original answer in this cause, filed 8 December, 1922, the defendants unconditionally admitted execution of the contract as alleged, and not until the trial had begun on 1 March, 1923, did the defendants contend that they had executed the contract other than as individuals, and by leave of the court they filed an amended answer, denying that they had executed said contract as individuals, and claimed that they had signed only as a corporation. This is the only defense that the defendants have set up. The defendants do not allege any defect in the fertilizer.

The defendants are all colored, as also the purchasers whom they selected to take over the fertilizer.

The contract is set out in full signed by the plaintiff company, and underneath its signature is written "The above contract is hereby accepted in all of its conditions. (Signed) C. S. Brown, Norman Hall, J. R. Weaver. 6 January, 1920."

The issues to the jury were as follows:

"1. Did the defendants sign said contract as a committee or agent, and not as individuals, and with the knowledge of the plaintiff? Answer: 'No.'

"2. Did the plaintiff receive notes in settlement of the account under the contract, and thereafter take renewals of the same, and extend the time of payment without the consent of the defendants? Answer: 'No.'

"3. What amount, if any, are the defendants indebted to the plaintiff? Answer: '$12,091.46, with interest.' "

Upon the above verdict, the court entered judgment against the defendants for the above sum of $12,091.46, and the defendants appealed.

*W. W. Rogers and Stanley Winborne for plaintiff.*
*Jno. E. Vann, R. C. Bridger and Winston & Matthews for defendants.*

CLARK, C. J.   The exceptions present very little for the consideration of the Court, the questions before us being almost entirely issues of fact whether the contract was the individual obligation of the three defendants who signed the same or whether in fact they signed with the understanding that they represented a partnership consisting of a league of colored farmers which was not a corporation.

The court properly permitted the witness McGinnis to state what commission was paid to the defendant Hall by the plaintiff as a consideration for his signing the contract, the purpose being to show that said Hall was the guarantor for a consideration. *Farquhar Co. v. Hardware Co.,* 174 N. C., 376.

The main issue raised by the defendants was whether the defendants signed the contract as individuals or as a committee, and the court therefore properly admitted evidence that Brown, one of the three defendants who signed the contract individually, gave orders as to whom the fertilizer contracted for should be shipped.

The defendants having testified that they signed the contract previous to 1920, in the same manner in which they had executed this 1920 contract, the court properly permitted to be put in the evidence the contract for 1919.   It appeared therefrom that the defendants executed that contract as individuals.   It was competent to permit the plaintiff to show that before they accepted this contract signed by the defendant, and especially by the defendant Hall, that they had investigated the financial standing of the three defendants before entering into the contract.

The defendant Hall having testified that he had not consented to taking the renewal notes, there was no error in the court permitting the plaintiff's witness to testify upon the second issue as to whether the renewal notes were taken with the knowledge and consent of the defendants, and the statement as to what Hall had said to him in regard to taking said renewal notes.

The contract on its face having been signed by the defendants as individuals, and the defendants having, in their amended answer and by their testimony, undertaken to show that it was not their intention to sign as individuals but as committeemen, the court properly admitted testimony as to statements made by the defendants to its agent admitting their individual responsibility some two years after the contract had been executed.

The eighth and ninth exceptions cannot be considered, for the questions excepted to by the defendants were not answered, and the tenth exception, for the refusal to give a prayer for instructions, cannot be sustained because it assumed as true statements of facts which were controverted.

The eleventh exception was also properly refused because the court went further than the request and charged the jury "that if the defendants signed the contract as agents or as a committee, it was not necessary for them to have added committee thereto, but it would have been better for them to have done so."

As to the twelfth exception, the defendants cannot complain of the refusal of the court to give the third prayer to charge because it was already fully covered in the charge as given on the second issue and also on the third issue, in which the court instructed the jury, "If you find that the defendants signed the contract as committeemen with the knowl-. edge of the plaintiff, and afterwards extended the time and took the renewals without the consent of the defendants, you will answer the third issue 'Nothing.' "

If the court committed any errors in the trial of this cause they were in favor of the defendants.

In consideration of all the exceptions, we find nothing in the trial of which the defendants can complain.

No error.