CORNELIA T. JESSUP AND JOSEPH T. NIXON v. THOMAS NIXON.

(Filed 19 September, 1923.)

1. **Executors and Administrators—Deeds and Conveyances—Sales—Purchaser—Fraud—Irregularities—Instructions.**

   The presumption is, certainly after the long lapse of years, in favor of the validity or regularity of a deed made by a mortgagee of the deceased owner of lands to the administrator who became the purchaser at the mortgage sale individually, and received the surplus as administrator and accounted for it to the clerk in his final settlement of the estate; and the burden of showing any irregularity in the execution of the power of sale being upon the heirs at law, whose action is to declare the sale void, a peremptory instruction of the judge to answer the issue in their favor, is reversible error.

2. **Same—Heirs—Creditors—Homestead—Dower.**

   Where the deed of a mortgagee in executing the power of sale to the administrator of the deceased owner, who became the highest bidder, individually, recites that the widow's dower and homestead had been reserved, and it is found as a fact by the verdict that the price was a fair one, and that nothing was done by him at the sale to suppress or chill the bidding, and it appears that as administrator he had received and accounted for the surplus without objection from the creditors of the estate, who received only a proportionate and less amount of their claims: Held, the reservation from the sale and deed made in pursuance thereof, of the dower and homestead exemptions, was not an irregularity of which the heirs at law could complain; and a peremptory instruction in their favor in their action to set aside the sale for irregularity or fraud, was reversible error.

**3. Same—Statute of Limitations.**

> *Held*, under the evidence in this case, it was reversible error for the court to instruct the jury that the plaintiff's cause of action was not barred by the ten-year statute of limitations.

**4. Mortgages — Deeds and Conveyances — Patent Error — Sales —Irregularities.**

> The recitation in a mortgage authorizing and empowering the mortgagor to execute the power of sale upon default in payment, upon giving notice to the party of the first part (himself), is patently a clerical error, which will not nullify the sale or deed to the purchaser thereat.

APPEAL by defendant from *Connor, J.,* at April Term, 1923, of PERQUIMANS.

This was an action begun 11 August, 1921, to set aside a sale made 1 July, 1896, under a mortgage. The plaintiffs are the heirs at law of Francis Nixon, deceased, who on 3 September, 1889, executed a mortgage to David Cox, duly recorded, to secure an indebtedness of $350. Francis Nixon died 30 March, 1896, in possession of the premises—104 acres of land.

The plaintiff contends that the sale at which the defendant purchased was invalid because not preceded by due notice and advertisement as required in the mortgage, and because the dower and homestead were reserved, and not sold, contrary to the terms of said mortgage and because the defendant was the administrator of the mortgagor when he became purchaser.

That, as further alleged, he purchased the land at a grossly inadequate price, giving those present at the sale to understand that he was buying for the widow and plaintiffs, thereby inducing others not to bid. The court instructed the jury to answer the first issue "Yes" and the second issue "Yes."

The jury found as to the third issue that the fair market value of the land at the time of the sale was $1,250. Fourth issue, that the defendant did not fraudulently procure the foreclosure of said mortgage and the sale of the land, nor cause same to be sold subject to the dower interests of the widow and the homestead of the children, and thereby obtain the same at a grossly inadequate price as alleged in the complaint; and fifth issue, that the defendant did not, with the purpose of purchasing the property in question at an undervaluation, cause or knowingly permit it to be understood at such sale that he was purchasing such property for the benefit of the heirs of the mortgagor, deceased, as alleged.

The sixth issue was, "Is the plaintiffs' cause of action barred by the ten-year statute of limitations as alleged in the answer?" which the court instructed the jury to answer "No."

The court entered judgment on the verdict that the plaintiffs are entitled to redeem the land described in the complaint, and decreed that the purchaser held the same upon the trust imposed by the mortgage deed, appointed a referee to state an accounting between the parties and refused a motion for a new trial upon the first, second and sixth issues. Appeal by defendant.

*Ehringhaus & Hall and Meekins & McMullan for plaintiff.*
*Charles Whedbee, Thompson & Wilson, Ward & Grimes, and Stephen C. Bragaw for defendant.*

CLARK, C. J. There was no evidence that due notice and advertisement of sale were not given in 1896, or that the mortgage sale was not regular. It was therefore error. to instruct the jury to answer the first issue "Yes." The ordinary presumption is, certainly after the lapse of 25 years, as in this case, that notice and advertisement of sale were given; but even if that were not so, there was no presumption that they were not given so as to justify the court in instructing the jury, as a matter of law, they were not.

, If the sale was made subject to the widow's dower and the homestead, this was for the benefit of the widow and children, and is not a matter for which they can complain after the lapse of 25 years so as to have this sale declared invalid. Their creditors might have protested this reservation, but that they gave up to the widow a dower which she had released and thus reduced the amount available for the payment of debts does not give the plaintiffs an equity to have the sale set aside after this lapse of time and to charge the defendants with the rents of· the land. Certainly.it was not proper for the court to instruct the jury peremptorily to answer the second issue as asked by plaintiffs and given.

The jury have found that the defendant did not fraudulently procure the foreclosure of said mortgage and the sale of said land and cause the same to be sold subject to the dower interests of the widow and the homestead rights of the children, and thus obtain the same at a grossly inadequate price as alleged in the complaint.

The jury have also found the fifth issue that the defendant did not, while administrator, and with the purpose of purchasing the property in question at undervaluation, cause or knowingly permit it to be understood at the mortgage sale that he was purchasing such property for the benefit of the heirs of Francis Nixon, deceased, as alleged, and it was error for the court to charge the jury that the plaintiffs' cause of action was not barred by the statute's limitation.

The presumption of law is in favor of regularity in the execution of a power of sale, and if there was any failure to advertise the property,

the burden is upon the party alleging it. *Jenkins v. Griffin,* 175 N. C., 184; *Troxler v. Gant,* 173 N. C., 422; *Cawfield v. Owens,* 129 N. C., 286. After a lapse of more than 25 years and after the death, as in this case, of every witness who would have knowledge of the matter, this presumption would go, not only to the regularity in advertising, but is in favor of the regularity of the execution of the power of sale. Certainly the court could not instruct the jury to answer affirmatively that the sale was made without notice and advertisement.

The estate of Francis Nixon, Jr., the mortgagor, was fully administered and the final account filed on 27 July, 1897, duly audited and approved. The assets therefrom were distributed to creditors as shown by the accounts, who received in the distribution 53 per cent of their claims.

The court should not have held that there was no evidence to rebut the presumption that the notice and advertisement required by the mortgage and by law had been given and made. Second, the court should have held that these plaintiffs could not be heard to assert claims to this land based upon an irregularity in reserving dower and homestead from the mortgage sale, the irregularity inuring to their benefit and causing them no loss.

The estate of the mortgagor was settled and the report filed and recorded 30 July, 1897, which showed that after payment of the mortgage debt the assets were $611.49 and the indebtedness was $1,156.78, the creditors receiving a dividend of 53 per cent. The plaintiffs must show that the assets of the estate were sufficient to pay his debts before they could ask the court to decree that they recover this land and its rents when the creditors had not been paid in full.

The reservation of the homestead was to the detriment solely of the creditors and not of the heirs at law. In *Highsmith v. Whitehurst,* 120 N. C., 123, where the land was purchased by the administrator, the court held that as the land brought full value and the price paid, which the creditors (as in this case) had ratified by accepting the proceeds which, together with the other assets, were not sufficient to pay the debts of the estate in full, the heirs never had any legal right to the land nor any equitable ground upon which to have the sale set aside or to have the purchaser declared a trustee for them. This has been followed in *Russell v. Roberts,* 121 N. C., 322; *Winchester v. Winchester,* 178 N. C., 483.

The dower of the widow is not involved as she is not a party to this action. In the light of the findings against the plaintiffs as to the allegations of fraud, we have a case in which the administrator bought at a sale under the mortgage, paying a fair price for the property, acting in good faith though buying for himself, paying the money; the

proceeds being applied in payment of the debts of the decedent, but the assets being insufficient to pay more than 53 per cent of the debts. The administrator not procuring the land to sell for less than its value, and the creditors, whose interest it was to see that it brought its fair value, taking no exceptions, the heirs of the mortgagor cannot have the deed set aside on account of alleged technical irregularities in order to recover the land which would not have been theirs had the irregularities not occurred.

The mortgage from Francis Nixon and wife, 23 September, 1889, is in all respects regular except that by a patent inadvertence it recited that if there should be default in payment of any part thereof, the said party of the first part, etc., is hereby empowered and authorized, etc., to execute the power of sale upon giving notice to the party of the first part, etc. The clerical inadvertence is patent and the sale was made, under the power of attorney, by the party of the second part, the mortgagee, David Cox, and his deed to the purchaser, recites that the property was offered for sale at the courthouse door, subject to the dower of the widow and the homestead rights of the children; that Thomas Nixon was the highest and best bidder at $675 and was declared to be the purchaser; that after the said sum had been paid, $428 had been applied in payment of the notes secured and costs of sale, and the balance, to wit, $247, paid over to Thomas Nixon, administrator of Francis Nixon, and conveyance was made in due form by David Cox as mortgagee to Thomas Nixon, subject to the dower rights of the widow and the homestead rights of the minor children. This deed is in due form and was registered 4 July, 1896.

The complaint does not seek to have this deed to Thomas Nixon declared to be in trust for the widow and children, but to have the court declare it a "nullity," and that the heirs at law may be permitted to redeem the mortgage and for an accounting by the administrator for the timber sold or removed, and for rents and profits of the land.

The sale was not made by Thomas Nixon as administrator or at all, but by the mortgagee, David Cox. The recital in the deed from Cox is that "Thomas Nixon" bought and paid for the land for himself, and the surplus, "after the payment of notes and costs of sale," was paid over to him "as administrator." There is nothing in this which entitles the plaintiffs to have him decreed a trustee for them, especially in view of the express findings of the jury that he had no part in procuring the sale of the land and that he did not buy at an under price nor chill the sale. The $247 which was paid to him "as administrator" was duly accounted for in his final account.