CORNELIA T. JESSUP AND JOSEPH T. NIXON v. THOMAS NIXON.

(Filed 12 September, 1928.)

**Descent and Distribution—Rights and Liabilities of Heirs and Distributees —Debts of Intestate and Encumbrances on Property—Setting Aside Foreclosure for Irregularity—Executors and Administrators.**

After the death of a deceased intestate mortgagor, his heirs at law take his lands only when there is a sufficiency of his estate to pay his debts, and where the mortgage has been foreclosed in accordance with the power of sale contained in the instrument and a deed made to the purchaser, the heirs at law, to be entitled to have the deed set aside for irregularity of sale, must show a sufficiency of assets to pay creditors in order for them to recover the land, and an issue aptly tendered to establish the necessary facts under the evidence, when refused by the court, entitles the grantee in the deed to a new trial.

STACY, C. J., dissents; CONNOR, J., not sitting.

APPEAL by defendant from *Clayton Moore, Special Judge,* at April Term, 1928, of PERQUIMANS. New trial.

*Ehringhaus & Hall and McMullan & LeRoy for plaintiffs.*
*Thompson & Wilson, Whedbee & Whedbee, S. C. Bragaw and Ward & Grimes for defendant.*

CLARKSON, J. This action has been twice before this Court—186 N. C., p. 100; 193 N. C., p. 830. On the second appeal it was said: "The defendant's exception to the refusal of the trial court to grant his motion for judgment as of nonsuit was duly presented on the original hearing, but was not sustained. Certain peremptory instructions were held to be erroneous. Hence, the necessary effect of the rulings was to

remand the cause for a new trial, the appeal being from a judgment rendered on a verdict of the jury, and the demurrer to the evidence not being sustained.''

The record discloses: That Francis Nixon, Jr., died on or about 30 March, 1896; that he left surviving him his widow, Susan Nixon, and the following children, to wit: Cornelia T. Nixon (now the plaintiff, Cornelia T. Jessup), six years of age, the plaintiff Joseph T. Nixon, four years of age, and Kate H. Nixon, three years of age; and that thereafter and within ten lunar months after the death of said Francis Nixon, Jr., there was born to the said Susan Nixon another child, named Francis Nixon; that this child Francis Nixon and Kate H. Nixon died, and that upon their death there descended to and vested in the plaintiffs as their sole heirs at law, all the rights, title and interest, legal and equitable, of the said Francis Nixon and the said Kate H. Nixon, in and to the lands of their father, comprising two tracts—one tract known as "The Gum Pond Land," containing 104 acres of land more or less, and the other tract containing 28½ acres more or less.

That shortly after the death of the said Francis Nixon, Jr., the defendant, Thomas Nixon, was duly appointed and qualified as administrator of his estate, and that subsequently thereto the said Thomas Nixon was further appointed and qualified as guardian of the plaintiffs, and of the said Kate H. Nixon (Francis Nixon, the posthumous child, having died), children of the said Francis Nixon, Jr., deceased; that some time prior to his death, to wit, on or about 23 September, 1889, the said Francis Nixon, Jr., together with his wife, Susan Nixon, in order to secure the payment of the sum of $350 executed to Dr. David Cox a mortgage upon his lands, the same as before mentioned, which is duly recorded in the registry of Perquimans County, and that shortly after the death of the said Francis Nixon, Jr., to wit, on 1 July, 1896, the said David Cox did, pursuant to a sale at the courthouse door in said Perquimans County, execute a deed for said lands to the defendant, Thomas Nixon, which said deed is duly recorded in the registry of Perquimans County in Book XX, p. 457. At the auction sale defendant, Thomas Nixon, purchased the land at $675, subject to the rights of dower of Susan Nixon and the homestead rights of the minor children of Francis Nixon, Jr. The plaintiffs contended that said deed executed as aforesaid by Dr. David Cox to the defendant was valid and effective to pass and transfer to the defendant all the legal estate in said land of the said Dr. David Cox as mortgagee, but that same was invalid and ineffective to pass to the said defendant the equitable estate of the plaintiffs and their deceased brother and sister, or any part thereof, for that (1) said sale pursuant to which said deed was executed was had and made without the notice of sale and advertisement required by the terms

and provisions of the said mortgage, and (2) said land was sold at said auction sale subject to the dower right of said Susan Nixon, widow of Francis Nixon, Jr., deceased, and subject further to the homestead rights of the children of the said Francis Nixon, Jr.

This action was brought on 11 August, 1921, after a lapse of some twenty-five years, and after defendant had been in possession of the land in controversy since July 1, 1896, to set aside the deed "be adjudged and declared a nullity" from the mortgagee, Dr. David Cox, to the defendant, Thomas Nixon, Jr., for irregularity in the sale. In the action, as reported in 186 N. C., at p. 101: "the jury found as to the third issue that the fair market value of the land at the time of the sale was $1,250." This Court, at p. 103, said: "The estate of the mortgagor was settled and the report filed and recorded 30 July, 1897, which showed that after payment of the mortgage debt the assets were $611.49, and the indebtedness was $1,156.78, the creditors receiving a dividend of 53 per cent. The plaintiffs must show that the assets of the estate were sufficient to pay his debts before they could ask the court to decree that they recover this land and its rents when the creditors had not been paid in full. The reservation of the homestead was to the detriment solely of the creditors and not of the heirs at law. In *Highsmith v. Whitehurst,* 120 N. C., 123, where the land was purchased by the administrator, the Court held that as the land brought full value and the price paid, which the creditors (as in this case) had ratified by accepting the proceeds which, together with the other assets, were not sufficient to pay the debts of the estate in full, the heirs never had any legal right to the land nor any equitable ground upon which to have the sale set aside or to have the purchaser declared a trustee for them. This has been followed in *Russell v. Roberts,* 121 N. C., 322; *Winchester v. Winchester,* 178 N. C., 483. The dower of the widow is not involved as she is not a party to this action."

This is "the law of the case." *Mfg. Co. v. Hodgins,* 192 N. C., p. 577; *Newbern v. Telegraph Co., ante,* 14. The defendant tendered in the court below the following issue: "What was the fair market value of the said land, subject to the dower right of the widow of Francis Nixon, deceased, subject further to the homestead rights of his children, on 1 July, 1896, the day of its sale under the said mortgage to David Cox?" This issue the court below declined. Defendant duly excepted and assigned error. We think the court below should have submitted the issue and the evidence bearing on the issue.

For the reason given, there must be a

New trial.

STACY, C. J., dissents.

CONNOR, J., not sitting.