THEODORE G. EMPIE, TRUSTEE OF THE ESTATE OF SWIFT M. EMPIE ET AL., v. ADAM EMPIE ET AL.

(Filed 2 April, 1930.)

**Wills E f—Upon bequest in trust for legatee for life then to his brothers or their heirs, children of deceased brothers take per stirpes.**

Where a will creates a trust estate to be held for the benefit of a legatee during his life, and at his death to be held for the benefit of his wife and children, and at the death of his wife the trust to be terminated and the funds to be divided among his children or their heirs, and if no children, to be divided among his brothers and sisters or their heirs: *Held,* upon

the death of the first taker unmarried leaving brothers and sisters living and children of deceased brothers and sisters, the personal property held in trust should be divided among the surviving brother and sisters and the children of the deceased brothers and sisters *per stirpes.*

APPEAL by plaintiffs from *Grady, J.,* at December Term, 1929, of NEW HANOVER. Affirmed.

*Rodgers & Rodgers for plaintiff.*
*Bellamy & Bellamy for defendants Charlotte P. Bailey, Edward P. Bailey, Clarice Bailey, Francis B. Kidder, and Virginia B. Chisholm.*
*J. O. Carr for defendant, Manie A. Empie.*

PER CURIAM. Virginia G. Empie died 17 June, 1918, leaving a will in which, after making provision for continuing the trust created for Swift M. Empie if any of the designated trustees should die, the testatrix made this bequest: "Should Swift M. Empie marry, then the money held in trust for him, at his death, shall be held in trust for his wife or children, and at his wife's death, be divided equally among his children or their heirs. In case there are no children of the said Swift M. Empie, at his wife's death, the fund held by his trustee is to be divided among his brothers and sisters, or their heirs."

Swift M. Empie died 28 November, 1928, unmarried, leaving as the only survivors among his brothers and sisters Theodore G. Empie and Adam Empie. He survived other brothers and sisters who died leaving children. Upon the facts set out in the judgment the trial court held that the testatrix intended that at the death of Swift M. Empie the personal property in the hands of the trustee should pass to his surviving brothers and sisters, and to the heirs of the brothers and sisters who had predeceased him *per stirpes* and not *per capita.* The plaintiffs excepted and appealed.

The judgment is sustained by *Mercer v. Downs,* 191 N. C., 203, in which the devise was in words almost identical with those in case under consideration. This decision has been cited and approved in a number of cases, among them *Jessup v. Nixon,* 196 N. C., 33, and *Waller v. Brown,* 197 N. C., 508.

Upon the facts appearing of record we are of opinion that the trustee was not entitled to commissions as a matter of legal right.

Judgment affirmed.