CLARKSON, J., dissenting.
From judgment rendered in this cause the defendants appealed to the Supreme Court, and the opinion of the Court is reported in 196 N.C. 33,144 S.E. 375.
Thereafter, in apt time, the plaintiffs filed a petition to rehear. The petition was granted and additional briefs were filed by the parties, and the cause is now before us for decision.
This same cause was considered by this Court and opinions rendered and reported in 186 N.C. 100, 118 S.E. 908; 193 N.C. 830, 136 S.E. 722, and 196 N.C. 33, 144 S.E. 375. The facts are fully set forth in said cases, and therefore it becomes unnecessary to restate them.
Are the heirs at law of a deceased mortgagor precluded from setting aside a sale of the mortgaged premises, not made in compliance with the terms of the mortgage, when at the time of said sale the estate of the mortgagor was insolvent and unable to pay more than fifty-three per cent of the indebtedness thereof?
From time immemorial it has been held by the courts that the law looks upon a mortgagor with a kindly eye, and this legal beneficence has grown into a maxim "that once a mortgage always a mortgage." Ray v. Patterson,170 N.C. 226, 87 S.E. 212. It is also beyond question in this jurisdiction that the heirs at law of a deceased mortgagor may maintain an action to redeem. Rich v. Morisey, 149 N.C. 37, 62 S.E. 762; Morris v.Carroll, 171 N.C. 761, 88 S.E. 511. *Page 124 
In the case at bar, the ancestor of plaintiffs executed a mortgage providing for the exercise of power of sale "upon written notice to the party of the first part for thirty days that prompt payment is expected and upon default thereof sale will be made under the power of this mortgage," etc. The jury found in response to the first issue that the mortgagee failed to give written notice for thirty days that prompt payment was expected. Therefore, the sale was not properly made and the equity of redemption was not extinguished, for "in an instrument of this kind the law is that a statutory requirement or contract stipulation in regard to notice is of the substance, and unless complied with a sale is ineffective as a foreclosure, and even when consummated by deed the conveyance only operates to pass the legal title, subject to certain equitable rights in the purchaser, as of subrogation, etc., in case he has paid the purchase money in good faith." Brett v. Davenport, 151 N.C. 56, 65 S.E. 611; Eubanksv. Becton, 158 N.C. 231, 73 S.E. 1009.
The opinion of the Court in 196 N.C. 33, followed the opinion reported in 186 N.C. at p. 100, and the petition to rehear attacks the legal soundness of that opinion. In 186 N.C. 100, 118 S.E. 896, the Court said: "The plaintiffs must show that the assets of the estate were sufficient to pay his debts before they could ask the court to decree that they recover this land and its rents when the creditors had not been paid in full." In other words, this proposition means, as the writer interprets it, that the heirs at law of a deceased mortgagor cannot assert the right to redeem even though the sale be invalid, when it appears that the estate was insolvent, and that it would be necessary to sell the land at any event to make assets to pay debts. The cases cited in the opinion in 186 N.C. 100, in support of the principle announced are Highsmith v. Whitehurst,120 N.C. 123, 26 S.E. 917, and Russell v. Roberts, 121 N.C. 322,28 S.E. 406. In the Highsmith case an action was instituted to sell the land to make assets and the administrator was the purchaser at the sale. The widow and heirs at law of the mortgagor sought to redeem the land. It did not appear that the sale had been improperly made, and the attack upon the sale failed, because in referring to the proceeding the Court declared: "And while it is not as formal as it might have been, it appears to have been substantially correct and authorized the defendant administrator to sell the land." Clearly the equity of redemption was properly extinguished, and the only question left in the case was whether the conveyance could be set aside on the ground of fraud for the reason that the administrator was the purchaser of the property. The Court said: "Indeed, it is shown that the plaintiffs could not have been injured by the purchase of Barnhill, though made for the administrator, as the land sold for $1,211, when the jury on the trial of this case found that at the date of the sale it was only worth $1,200." *Page 125 
In the Russell case, supra, it appeared without question that the land was properly sold and brought a fair price, and that every dollar of the purchase money was applied to the payment of debts of decedent.
These cases, therefore, hold that if the power of sale is properly exercised, the equity of redemption is properly extinguished, and hence, in order to set aside a conveyance upon the ground of fraud because it was purchased by a person acting in a fiduciary relation, injury must be shown, and in such event, if no injury is shown, the conveyance will not be set aside.
However, the case at bar presents both aspects of the legal question, because the jury has found that the power of sale was not properly exercised, and that the sale was invalid from the beginning. Indeed, the proposition that the insolvency of the estate of the mortgagor precluded the exercise of the right of redemption was considered by this Court inRich v. Morisey, 149 N.C. 37. In that opinion the Court said: "The defendants except to his Honor's refusal to permit them to show that O. B. Morisey was insolvent at the time of his death. We see no error in this. It was not relevant to, and could not affect the verdict upon any issue, besides, with the final account of the administrator in evidence, unimpeached, insolvency was clearly shown."
In the case at bar the report of the administrator clearly showed insolvency, and thus the Rich case is positive authority that mere insolvency of the estate will not preclude the heirs at law of the mortgagor from asserting the right of redemption where the sale of the land was not properly made.
After careful examination, we are of the opinion that the decision in186 N.C. p. 100, with respect to the right of redemption is not in accord with the weight of authority or the logic of the law.
The decision of the Court reported in 196 N.C. 33, adopted the view that the decision in 186 N.C. 100, was the "law of the case," and, therefore precluded further inquiry. Ray v. Veneer Co., 188 N.C. 414,124 S.E. 756; Mfg. Co. v. Hodgins, 192 N.C. 577, 135 S.E. 466; Newbern v.Tel. Co., 196 N.C. 14, 144 S.E. 375. Undoubtedly this is a strong position and presents serious legal difficulty. However, it has been held in School Directors v. City of Asheville, 137 N.C. 503, 50 S.E. 279, that the doctrine of "law of the case" does not preclude the Court from reviewing its own decision, "certainly when no rights of property have become vested or change made in the status of the parties by reason of a ruling at some former stage of litigation." Furthermore, in the appeal reported in 186 N.C. p. 100, the Court expressly said that "there was no evidence that due notice and advertisement of sale were not given in 1896, or that the mortgage sale was not regular." In the record now before us the jury finds upon competent evidence that the *Page 126 
sale was not properly and regularly made, and conceding that the principle of "law of the case" is salutary and essential in giving uniformity and permanence to judicial decision, it is apparent that it should not be applied in full vigor to a phase of the case which was not before the Court at the time the decision was rendered. That is to say, in the case reported in 186 N.C. p. 100, the evidence tended to show that the sale was regularly made. In the case as now constituted it appears that the sale was not regularly made. Hence the "law of the case" does not preclude the Court from determining the question as now constituted.
There are many exceptions in the record, and we have given earnest and careful consideration to the records, the briefs, the petition to rehear, and the additional briefs filed by the parties, and have come to the conclusion that the judgment rendered at the April Term, 1928, of Perquimans Superior Court ought to be upheld and affirmed, and it is so ordered.
Petition allowed.