### STATE v. DUDLEY MOORE.

(Filed 10 November, 1931.)

**1. Criminal Law L a—Appeal in capital case not prosecuted according to rules will be dismissed, no error appearing on record.**

Where an appeal in a capital case *in forma pauperis* is not prosecuted according to the Rules of Court, and after the expiration of time for filing the statement of case on appeal, an *ex parte* statement is filed, and later, upon suggestion of the Attorney-General, the record of the case as agreed to by the solicitor and counsel for defendant is certified up by the clerk of the Superior Court, but is not signed by either and contains no assignments of error, the Supreme Court, not withstanding the insufficiency of the papers to constitute a proper statement of the case, will examine the *ex parte* statement and the "record of the case," and upon no error appearing upon either or on the face of the record proper, the judgment will be affirmed and the appeal dismissed.

**2. Appeal and Error F b—A broadside exception to the charge will not be considered.**

An unpointed or broadside exception to the charge of the trial court will not be considered on appeal.

APPEAL by defendant from *Warlick, J.,* at August Term, 1931, of DAVIDSON.

· Criminal prosecution tried upon an indictment charging the prisoner with the murder of one Mrs. Jacob G. Berrier.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Hosie V. Price and P. A. Escoffery for defendant.*

STACY, C. J. At the August Term, 1931, Davidson Superior Court, the defendant herein, Dudley Moore, was tried upon an indictment charging him with the murder of Mrs. Jacob G. Berrier, which resulted in a conviction and sentence of death. The prisoner gave notice of appeal to the Supreme Court, and was allowed 30 days within which to make out and serve his statement of case on appeal, which was not done, although *in forma pauperis* was authorized.

The time for serving case on appeal expired 28 September, 1931, and as nothing had been done by the prisoner towards perfecting his appeal, the clerk of the Superior Court on 29 September certified the facts to the Attorney-General pursuant to C. S., 4654.

Thereafter, the prisoner employed counsel, other than those assigned by the trial court to defend him, and an *ex parte* "statement of case on appeal" was filed in this Court, with request that the same be considered by the Court, notwithstanding patent irregularities and defects appearing on the face of it.

After suggestion by the Attorney-General to counsel for the prisoner that this *ex parte* statement had never been served on the solicitor or settled in any way as the case on appeal, the entire "record in the case" was certified up by the clerk of the Superior Court. This seems to be the stenographer's notes reduced to narrative form, and while the clerk's certificate recites that it is the "record in the case as agreed to by the solicitor for the State and the attorney for the defendant," it nowhere purports to be signed by the solicitor or counsel for the defendant, and it contains no assignments of error.

Fourteen exceptions were apparently noted throughout the trial, the last being: "The defendant assigns as error the judge's charge." It was said in *McKinnon v. Morrison,* 104 N. C., 354, 10 S. E., 513, that a broadside exception "to the charge as given" would not be considered. Unpointed exceptions to the charge are unavailing on appeal. *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175.

Notwithstanding the patent insufficiency of these papers to constitute a proper statement of the case on appeal, we have examined both the prisoner's *ex parte* statement and the "record of the case," and find no error appearing on either, or on the face of the record proper. *S. v. Goldston, ante,* 89.

Judgment affirmed.                                    Appeal dismissed.