R. L. MILLER v. CHARLOTTE COCA-COLA BOTTLING COMPANY.

(Filed 3 May, 1933.)

**1. Appeal and Error J d—**

·Where it does not appear of record what excluded testimony would have been an exception to its exclusion will not be considered.

**2. Appeal and Error F c—**

An unpointed exception to the charge will not be considered on appeal.

APPEAL by plaintiff from *Cowper, Special Judge,* at September Special Term, 1932, of MECKLENBURG.

Civil action for damages.

Plaintiff alleges that he was paralyzed in his left side, arm and leg, from drinking coca-cola, bottled by the defendant, which contained a spider and a fly.

The issue of negligence was answered in favor of the defendant, and from the judgment entered thereon, the plaintiff appeals.

*H. L. Strickland and J. E. Woolard for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

STACY, C. J. We have examined the assignments of error appearing on the record and find none of sufficient merit to warrant a new trial.

The exceptions addressed to the exclusion of evidence do not show what the answers to the questions would have been. The effect of the rulings, therefore, whether hurtful or other, is not apparent. "Where the record shows exceptions to unanswered questions, without more, the exceptions will not be considered on appeal." *Hubbard and Co. v. Brown,* 186 N. C., 96, 118 S. E., 896; *Allred v. Kirkman,* 160 N. C., 392, 76 S. E., 244.

The tenth assignment of error is as follows: "The court erred in his charge to the jury as will appear in the charge, record pages 35 to 45."

It was said in *S. v. Moore,* 201 N. C., 618, 161 S. E., 91, that a broad-side exception "to the charge as given" would not be considered. Un-pointed exceptions to the charge are unavailing on appeal. *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175; *Roberts v. Davis,* 200 N. C., 424, 157 S. E., 66. The remaining exceptions are equally untenable.

No error.