IN RE WILL OF SALLIE D. WILDER.

(Filed 22 November, 1933.)

1. Appeal and Error J e—

Exceptions to the exclusion of testimony will not be considered on appeal where it is not apparent of record what the answers of the witness would have been if he had been allowed to testify.

2. Appeal and Error J d—

The burden is on appellant to make error plainly appear, as the presumption is against him.

3. Trial E c—

An exception to the refusal of the trial court to give requested instructions will not be sustained where it appears that the instructions requested were substantially given in language equally explicit and clear.

APPEAL by caveator from *Schenck, J.,* at March Special Term, 1933, of MECKLENBURG.

Issue of *devisavit vel non,* raised by a caveat to the will of Sallie D. Wilder, late of Mecklenburg County, based upon alleged mental incapacity and undue influence.

From a verdict and judgment upholding the paper-writing propounded as the last will and testament of the deceased, the caveator appeals, assigning errors.

*George W. Wilson and Claude B. Woltz for caveator.*
*Stewart & Bobbitt for propounder.*

STACY, C. J. Two errors are assigned, one based upon the exclusion of evidence and the other upon the court's refusal to give an instruction as prayed.

The record does not show what the answers to the interrogatories propounded to the witness would have been, hence we cannot say the exclusion of the evidence was hurtful or erroneous. Where the record shows exceptions to unanswered questions, without more, the exceptions

will not be considered on appeal. *Miller v. Bottling Co.,* 204 N. C., 608, 169 S. E., 194. We cannot assume that the answers would have been favorable to the caveator. *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175.

The burden is on appellant to show error, and he must make it appear plainly, as the presumption is against him. *Frazier v. R. R.,* 202 N. C., 11, 161 S. E., 689; *Poindexter v. R. R.,* 201 N. C., 833, 160 S. E., 767; *In re Ross,* 182 N. C., 477, 109 S. E., 365.

The instruction requested, while not given in the exact language of the prayer, was substantially given by the court in language equally as explicit and clear. This was a sufficient compliance with the caveator's request. *Michaux v. Rubber Co.,* 190 N. C., 617, 130 S. E., 306; McIntosh Prac. & Proc., 636.

"The judge is not required to give an instruction in the very words used by counsel in the request for it, even if the instruction be a proper one. If he gives it substantially, and does not, by any change of language, weaken its force, it is a sufficient compliance with the law"— *Walker, J.,* in *Graves v. Jackson,* 150 N. C., 383, 64 S. E., 128. See, also, to like effect, *Shaw v. Pub. Service Corp.,* 168 N. C., 611, 84 S. E., 1010.

A careful perusal of the record leaves us with the impression that the case has been tried in substantial conformity to the decisions on the subject, and that the verdict and judgment should be upheld.

No error.